STATE, ex rel MACK, et al v. FLORIDA EAST COAST RY., et al.

Circuit Court, Broward County.

December 23, 1952.

Lewis W. Petteway and R. Y. Patterson, Jr., both of Tallahassee, for the Commission.

Harold B. Wahl, Russell L. Frink, and William J. DeHoff, all of Jacksonville, for Florida East Coast Ry. Co.

LeRoy Collins, Tallahassee, and Charles P. Reynolds, Washington, D. C., for Seaboard Air Line Railroad Co.

F. C. Hillyer, Jacksonville, and Otis Farrington, Fort Lauderdale, for Jacksonville Traffic Bureau and United States Gypsum Co., intervenors, James F. Minnet and John U. Lloyd, both of Fort Lauderdale, for Broward County Traffic Association, intervenor, Louis F. Snetman of Hofmayer & Snetman, Miami, for Greater Miami Traffic Association, intervenor, and M. W. Wells, Orlando, for National Gypsum Co., intervenor.

LAMAR WARREN, Circuit Judge.

This cause came on to be heard, after due notice, on the motion of the respondent railroads to quash the alternative writ of mandamus herein. After argument, and upon consideration, the court finds:

There is involved here order no. 1815, affirmed by order no. 1826, docket no. 1736, of the Railroad & Public Utilities Commis-

sion, which order no. 1815 seeks to require the respondent railroads to reduce their rates on plaster, plasterboard and related articles, in carloads, and to bring the rates to Broward County points to the same level as those to Miami.

The railroads filed with the commission their request for reopening and reconsideration, oral argument and stay of order no. 1815. The effective date of the order was stayed, but subsequently the commission denied said request and ordered that order no. 1815 be approved, affirmed and become effective.

The railroads did not comply with said order. The commission thereupon filed in this court a petition for an alternative writ of mandamus, which was duly issued by the court.

To the alternative writ of mandamus, the respondent railroads filed their separate and several motion to quash—and with this position the court agrees and holds that the commission order is void on its face.

There are no sufficient basic findings here to support the commission order. The law is well settled that an order of this kind must be based on, and supported by, basic or essential findings of fact, and cannot rest on mere conclusions or ultimate findings. See Florida v. United States, 282 U.S. 194, 215, 51 S. Ct. 119, 75 L. Ed. 291; United States v. B. & O. Railroad Co., 293 U.S. 454, 463, 55 S. Ct. 268, 79 L. Ed. 587; Laney v. Holbrook (Fla.), 8 So. 2d 465; annotation at 146 A.L.R. 209 et seq. citing at p. 214 State v. Coleman (Fla.), 155 So. 129, 133; McRae v. Robbins (Fla.), 9 So. 2d. 284, 290; Little Man's Club v. Schott (Fla.), 60 So. 2d 624; and State v. Seaboard Air Line Ry. Co. (Fla.), 111 So. 391.

The commission has not made any basic findings of fact to support its conclusion that because there are certain rates to Miami on plaster, plasterboard and related articles, those same rates should be applied to Broward County points. The court is not unsympathetic with the commission's position, but points out that the commission has not complied with basic legal requirements in making its order.

The commission argues that its orders are prima facie valid under section 350.12(2) (m), Florida Statutes 1951, but as stated by the Supreme Court in the recent case of Atlantic Coast Line Ry. Co. v. United States Sugar Corp., 59 So. 2d 852, 854, this section "implies nothing in the way of infallibility." See also State v. Jacksonville Terminal Co. (Fla.), 106 So. 576, 587.

In the light of the above it is not necessary for the court to rule on the other matters presented—although, in passing, it is observed that the order may also be void for failure of the commission to authorize alternative methods of removing the alleged discrimination, it having been argued that section 350.12(1)(d), Florida Statutes 1951, is so similar to section 3 of the Interstate Commerce Act, 49 U.S.C.A. 3, as to be governed by Texas & P. Ry. Co. v. United States, 289 U.S. 627, 650, 53 S. Ct. 768, 77 L. E. 1410.

It is therefore considered, ordered and adjudged that the alternative writ of mandamus heretofore issued herein be quashed.