### Complaint of BROWARD TRAFFIC ASSOCIATION (No. 2).

Railroad & Public Utilities Commission.

September 16, 1954.

## BY THE COMMISSION.

On October 12, 1949 the Broward County Traffic Association filed with this commission its complaint against the Florida East Coast and Seaboard Air Line railroads, charging that through their tariff publication agent they published and maintained rates on plaster, plasterboard and related articles, in carloads, from Jacksonville to points in Broward County which are higher than those published and maintained on the same commodities from the origin to Miami, and that such rates to such points in Broward County are unjust, unfair and relatively unreasonable, and unjustly discriminatory against persons and localities in Broward County to the undue preference and advantage of Miami and consignees located at said point in violation of the statutes of this state.

The railroads filed their joint and several answers to the complaint and the Greater Miami Traffic Association, Jacksonville Traffic Bureau, Inc., National Gypsum Co. and U. S. Gypsum Co. intervened in the proceeding. Pursuant to notice the commission held a public hearing in the Broward County Courthouse on July 6 and 7, 1950.

On July 31, 1952 the commission issued its order no. 1815 finding that the rates published and maintained by the railroads on plaster, plasterboard and related articles, in carloads, from Jacksonville to points in Broward County are unjust, unfair and relatively unreasonable, and unjustly discriminatory against persons and localities in Broward County to the undue preference and advantage of consignees located at Miami.

On August 29, 1952 the commission issued its order no. 1826 denying the request of the railroads for reopening, reconsideration and oral argument.

After a response of the railroads dated September 12, 1952 that they would not comply with order no. 1815 the commission, on September 26, 1952, filed a petition for alternative writ of mandamus in the circuit court for the fifteenth judicial circuit. Upon motion of the railroads to quash the alternative writ, that court issued its

order holding order no. 1815 void on its face because there were not sufficient basic findings to support the conclusions of this commission, and quashed the alternative write, State ex rel Mack, et al v. Florida East Coast Ry, et al, 3 Fla. Supp. 24.

On March 17, 1953 the commission entered its order no. 1884 reopening this docket, setting forth therein certain findings to support its position in order no. 1815 and to comply with the order of the circuit court, Complaint of Broward County Traffic Ass'n, 3 Fla. Supp. 58.

On March 31, 1953 the commission filed an amended petition for alternative writ of mandamus. The railroads filed a motion to quash the amended alternative writ and the intervenors filed their respective responses. The court denied the motions of the railroads and the intervenor National Gypsum Co. by its order dated September 5, 1953. Thereafter, the railroads filed their answer or return to the amended alternative writ and the Broward County circuit court mandamus proceeding was at issue.

For over a year the parties to this docket and the mandamus proceeding have been seriously endeavoring to effect an equitable adjustment of these carload rates for plaster, plasterboard and related articles. An adjustment which will obviate the necessity for further litigation has been presented to the commission. Upon such compromise rates being proposed for its consideration the commission withdrew the mandamus proceeding. The railroads have made a diligent effort to alleviate the situation complained of by the Broward County Traffic Association on October 12, 1949. Although this commission has no jurisdiction over interstate rates the interstate differential from Port Wentworth, Georgia on these commodities to the same destinations involved has of necessity been considered in the public interest of the state. We are advised the railroads will take immediate steps to effectuate an interstate adjustment and approval is anticipated by the effective date of this order. In consideration of such adjustment and the cessation of litigation we are now of the opinion that this docket should be reopened and a final order entered prescribing rates which will be agreeable to the carriers and to the public, thereby avoiding further delay and the expense of litigation. We have carefully examined the testimony and the exhibits in this docket along with the rates proposed by the parties for our exercise of judgment and after due consideration of the entire record in this proceeding find that the rates ordered herein will be fair, just and reasonable.

In consideration thereof, it is ordered and adjudged that—1. Order no. 1884 is hereby cancelled and this order with its findings

26

is hereby made the final order in this docket. 2. The present rates on plaster and related articles and plasterboard and related articles now published in items 64465-C through 64660-C on page 16 of supplement 21 to Agent C. A. Spaninger's Freight Tariff 820-A, I.C.C. nò. 1295, from Jacksonville and South Jacksonville to West Palm Beach and points south thereof shall be cancelled. 3. The following rates, subject to a carload minimum rate of 70,000 pounds, shall be established from Jacksonville, on the one hand, and Lake Park and Delta south to and including Florida City and Homestead, on the other hand, commodity descriptions and rates as follows—plaster and plaster blocks, straight or mixed carloads, 30c per 100 pounds; plasterboard, gypsum backing board, laminated or not laminated and gypsum lath in straight or mixed car-loads, 33c per 100 pounds. 4. On straight carloads of plaster blocks, if the charge accruing under the rates published in C. A. Spaninger, Gypsum Block and Tile Tariff 765-D, I. C. C. no. 1256, via the same routes are lower than the charge accruing under the rates ordered herein, the lower charge resulting from such rates shall apply. 5. The rates named herein shall not be subject to tariff of increased rates and charges no. X-175-B surcharge. 6. The rates prescribed herein shall become effective within 75 days from the effective date of this order. 7. The railroads are hereby granted necessary relief from the commission's freight rule 2 and the Long and Short Haul Law, section 350.56, Florida Statutes 1953, in connection with the publication to be made in conformity herewith.