### Petition of PULLMAN CO., et al.

Railroad & Public Utilities Commission.

September 8, 1955.

Harold B. Wahl, Loftin & Wahl, Jacksonville, H. S. Anderson and M. J. Rock, both of Chicago, for the Pullman Co.

Thomas B. Sale, Panama City, and J. N. Frazer, Atlanta, Ga., for the railroads.

Lewis W. Petteway, general counsel, for the commission.

WILBUR C. KING, Chairman and ALAN S. BOYD, Commissioner.

On August 11, 1955 the Pullman Co., Atlanta & St. Andrews Bay Ry. Co. and Central of Georgia Railway Co. filed a petition for the rescission of our order #1217 entered on November 20, 1935 and all later orders extending it. Order #1217 and subsequent orders in effect provided—

> . . . no sleeping car, parlor car, or chair car shall be operated on any line of railroad in the State of Florida when occupied by passengers holding the proper transportation for the accommodation of such cars, unless such cars are continuously in charge of an employee or an authorized agent of the firm or corporation owning or operating the same having the rank and position of Pullman conductor, and no dining car or buffet car shall be operated on any line of railroad in the State of Florida when occupied by passengers holding the proper transportation for the accommodation of such cars unless such cars are continuously in charge of an employee or an authorized agent of the firm or corporation owning or operating same having the rank of dining car steward; provided that one or more Pullman cars in the same train may be in the custody or care of a Pullman conductor.

The petitioners contend their continued observance of the orders imposes an unreasonable burden, and submit revenue figures to support the contention. Because of the conclusions set forth below, however, we have given no consideration to the economic burden resulting from compliance with the orders.

This commission has heretofore been permanently enjoined from enforcing its order #1217 against the Seaboard Air Line Ry. Co. On November 19, 1938 the United States district court for the southern district of Florida at Tampa entered its findings of fact and conclusions of law and final decree in which the court found—

> Neither the Railroad Commission of the State of Florida nor the State of Florida has power or authority to require that the person in charge of dining cars operated on a railroad in Florida shall have the rank of steward.
>
> The order entered by the Railroad Commission of the State of Florida is arbitrary, unreasonable and capricious and is not supported by the facts. The order is not reasonably related to any object within the supervisory function of the Railroad Commission of the State of Florida. The order, as applied to the operations of petitioners, is confiscatory and deprives the Seaboard Air Line Railway and the receivers thereof of their property without due process of law, and it denies to them the equal protection of the laws, all in contravention of the Fourteenth Amendment to the Constitution of the United States.

> The order, if enforced against petitioners, would cause the receivers to expend moneys in the employment of additional persons whose services are not useful or necessary, and would constitute an illegal and unreasonable burden upon the operations of the receivers and upon interstate commerce.

The above decree was affirmed by the United States Court of Appeals for the fifth circuit in Carter v. Powell, 104 Fed. 2d 428, certiorari denied by the United States Supreme Court at 308 U. S. 311.

A similar order requiring Pullman conductors in charge was entered by the Railroad Commission of the state of Texas. In Pullman Co. v. Railroad Commission of Texas, 33 Fed. Supp. 675, a three-judge federal court, Sibley, circuit judge, presiding, held the Texas commission's order void and enjoined its enforcement. In that case, as reported on page 367 of the transcript of record, the court specifically found—

> By training and experience they [porters] are qualified and competent to discharge the duties assigned to them as porters-in-charge; and the fact that they are negroes and are called porters-in-charge does not disqualify them or render them incompetent. The service rendered to passengers in the Pullman cars on trains not accompanied by a Pullman conductor is in no way inferior to the service rendered on the train accompanied by a Pullman conductor. The Pullman conductors and the porters-in-charge have had the same training, and they receive regularly the same instructions. There is no need for a Pullman conductor in addition to the porters-in-charge.

It is still the view of this commission that our former order #1217 was based on sound considerations and was intended to accomplish a worthwhile purpose directly in keeping with the public policy of this state. Nevertheless, it is quite apparent that the federal courts will not permit the enforcement of said order. The continued observance thereof by the Pullman Co. and some of the railroads operating in this state is purely voluntary on their part and it is the view of this commission that the petitioners herein, and all other railroads now observing the order, may disregard it in the future without risking any penalty action by this commission—simply because this commission's hands have been securely tied by federal court decree. The order being unenforceable, there is no necessity for its cancellation by this commission. To all intents and purposes it has been effectively destroyed by federal court action.

The petition for the rescission and cancellation of order #1217 is denied, on the ground that it is no longer enforceable against the Pullman Co. or any railroad operating in Florida.

Commissioner JERRY W. CARTER dissents.