**ORDER of RAILWAY CONDUCTORS and BRAKEMEN v. PULLMAN CO.**

Railroad & Public Utilities Commission.

January 10, 1957.

Edward F. Mitchell, Miami, for complainant.

Harold B. Wahl, Loftin & Wahl, Jacksonville, and H. S. Anderson and Martin J. Rock, both of Chicago for respondent.

Lewis W. Petteway, General Counsel, for the commission staff and the public generally.

ALAN S. BOYD, Chairman and WILBUR C. KING, Commissioner.

The Order of Railway Conductors and Brakemen, as complainant, has filed an informal complaint with the commission against the Pullman Co., seeking the rescission of commission order #2228, docket #1274, dated September 8, 1955 [8 Fla. Supp. 47], and the enforcement of commission order #1217, same docket, dated November 20, 1935, as amended by order #1281, same docket, dated November 21, 1938. The Pullman Co. has filed motion to dismiss this informal complaint—chiefly on the ground that the matters here involved have already been considered and settled by this commission and by the Supreme Court of Florida.

A brief statement of the background of this situation is in order.

Commission order #1217, entered by the commission on its own initiative, in effect required all Pullman and dining cars to have a Pullman conductor or steward continuously in charge (this over and above the railroad conductor, the Pullman porter, the waiters and the rest of the railroad train crew). The Seaboard Air Line R.R. receivers promptly took the matter to court and the United States district court at Tampa on November 13, 1938 entered its findings of fact and conclusions of law that the commission was without power or authority to enter or enforce such an order, and permanently enjoined its enforcement. The United States Court of Appeals for the fifth circuit affirmed the district court in Carter

v. Powell, 104 Fed. 2d 428, certiorari denied by the United States Supreme Court at 308 U. S. 311.

On August 11, 1955 the Pullman Co., joined by certain railroads, filed petition with the commission to set aside order #1217 and all later orders extending it, on the ground that such order was invalid and unenforceable.

The Pullman Co. in its petition cited and relied on the Seaboard case, supra, and Pullman Co. v. Railroad Commission of Texas, 33 Fed. Supp. 675, where a three-judge federal court, Sibley, circuit judge, presiding, held a similar order by the Texas commission requiring Pullman conductors to be continuously in charge of Pullman cars void and unenforceable. The Texas commission later rescinded its order.

This commission entered its order #2228 on September 8, 1955 ruling that under the aforesaid federal court decisions (and complainant has not cited any cases, state or federal, to the contrary) order #1217 was unenforceable.

The complainant then filed a petition in the Supreme Court of Florida for a writ of certiorari to review our order #2228. In its petition and supporting brief and in oral argument before the high court complainant's counsel set forth the same arguments stated in the informal complaint here, contending vigorously that the two federal decisions, supra, were not applicable, had been misconstrued by this commission, and that order #1217 was valid and enforceable. We quote from page 7 of complainant's brief before the Supreme Court in that certiorari proceeding—"It is the contention of the petitioners that neither of the two cases cited and discussed by the commission is valid law today and neither of the two cases, or any other cases, prevent the commission from enforcing their 1935 order number 1217 as they would obviously like to do."

Notwithstanding the complainant presented such argument to the Supreme Court both by brief and by oral argument, the Supreme Court entered an order on the day following the oral argument, December 13, 1955, denying certiorari—thus leaving commission order #2228 in full force and effect. (See 85 So. 2d 765, and 8 Fla. Supp. 47).

Since, therefore, complainant in its informal complaint renews legal arguments which have already been submitted to, considered by, and passed upon by, not only this commission but the Supreme Court as well, it is clear that the informal complaint must be dismissed. The Supreme Court having rejected complainant's posi-

108

tion and argument, it would serve no useful purpose for this commission to attempt to reverse its decision and take issue with the Florida court of last resort by which this commission's order are reviewable.

The informal complaint is dismissed.

Commissioner JERRY W. CARTER dissents.