### STATE ex rel. RAILROAD COMMISSION v. PULLMAN CO., et al.

#### No. 9194.

Circuit Court, Leon County.

August 24, 1959.

Lewis W. Petteway, General Counsel, Tallahassee, for relators.

Harold B. Wahl, Loftin & Wahl, Jacksonville, H. S. Anderson and Martin J. Rock, both of Chicago, for respondent Pullman Co.

Phil C. Beverly and Prime Osborn, both of Wilmington, N. C., and Moore & Henderson, Tallahassee, for respondent Atlantic Coast Line R. R. Co.

Donald L. Turkal and Charles T. Abeles, both of Richmond, Va., and Ausley, Ausley & McMullen, Tallahassee, for respondent Seaboard Air Line R. R. Co.

J. Velma Keen and Charles H. Spitz, Keen, O'Kelley & Spitz, Tallahassee, for Order of Railway Conductors and Brakemen, intervenor.

W. MAY WALKER, Circuit Judge.

This cause coming on to be heard, after due notice, on the motions of the respondents to quash the alternative writ of mandamus, and the court having heard extensive argument by counsel for all parties, upon consideration, the court finds—

This case involves the flat question of whether the Florida Railroad & Public Utilities Commission has the power to enter and enforce its order 1217, docket 1274, providing—

"... no sleeping car, parlor car, chair car ... shall be operated on any line of railroad in the State of Florida when occupied by passengers holding the proper transportation for the accommodation of such cars, unless such cars are continuously in charge of an employee or an authorized agent of the firm or corporation owning or operating same, having the rank and position of Pullman Conductor; provided that one or more cars in the same train may be in the custody or care of said Pullman Conductor."

The Florida Commission has filed its petition for, and the court has issued, alternative writ of mandamus for enforcement of the involved order, the petition alleging in paragraph II, as follows—

"It is the feeling of the commission that the validity of this order is a matter for judicial determination. This docket shall be continued until the outcome of appropriate legal proceedings to be instituted by the commission to determine the validity of order no. 1217, docket no. 1274. All pending matters are taken under advisement."

The court holds that mandamus is the proper procedure, as alleged by the relators and not disputed by the respondents. See Florida East Coast v. State (1920), 79 Fla. 66, 83 So. 708, 715, and State v. Florida East Coast Ry. (1952), 3 Fla. Supp. 24.

The court adopts the statement of the case set out by the commission itself in its order 2436, docket 4919-PC, entered January 10, 1956 (attached to the alternative writ herein as exhibit C) as follows—

Notwithstanding the entry of order 2436, the intervenor thereafter filed another complaint seeking the enforcement of order 1217 requiring a Pullman conductor continuously in charge, and the commission now seeks a judicial determination of the validity of order 1217.

As stated by the commission in its order 2436, supra—"The Supreme Court of Florida having rejected complainant's [intervenor's] position and argument, it would serve no useful purpose for this commission to attempt to reverse its decision and take issue with the Florida court of last resort." [10 Fla. Supp. 105, 107.]

In the Seaboard case, referred to by the commission in said order 2436, the United States district court for the southern district of Florida at Tampa on November 13, 1938 entered its findings of fact, conclusions of law and final decree, in which the court found—

> "Neither the Railroad Commission of the State of Florida nor the State of Florida has power or authority to require that the person in charge of dining cars operated on a railroad in Florida shall have the rank of steward.

> "The order entered by the Railroad Commission of the State of Florida is arbitrary, unreasonable, and capricious and is not supported by facts. The order is not reasonably related to any object within the supervisory function of the Railroad Commission of the State of Florida. The order as applied to the operation of petitioners, is confiscatory and deprives the Seaboard Air Line Railway and the Receivers thereof of their property without due process of law, and it denies to them the equal protection of the laws, all in contravention of the Fourteenth Amendment to the Constitution of the United States.

> "The order if enforced against petitioners, would cause the Receivers to expend moneys in the employment of additional persons whose services are not useful or necessary, and would constitute an illegal and unreasonable burden upon the operations of the Receivers and upon interstate commerce."

It is obvious that the same reasons which prevent the commission from enforcing order 1217 as applied to dining car stewards, also prevent its enforcement as applied to Pullman conductors, and the order as originally entered covered both. The decision of the district court was affirmed by the fifth circuit in Carter v. Powell, 104 Fed. 2d 428; certiorari denied at 308 U. S. 311.

The exact question here was presented in Pullman Company v. Railroad Commission of Texas (1940), 33 Fed. Supp. 675. In that case a three-judge federal court (headed by Circuit Judge Sibley of Georgia) held that a Texas Commission order similar to the Florida Commission order was void and enjoined its enforcement. In that case, at page 367 of the transcript of record, the three-judge federal court specifically found—

> "By training and experience they [porters] are qualified and competent to discharge the duties assigned to them as porters-in-charge; and the fact that they are negroes and are called porters-in-charge does not disqualify them or render them incompetent. The service rendered to passengers in the Pullman cars on trains not accompanied by a Pullman conductor is in no way inferior to the service rendered on the train accompanied by a Pullman conductor. The Pullman conductor and the porter-in-charge have had the same training and they receive regularly the same instructions. There is no need for a Pullman conductor in addition to the porters-in-charge * * *".

The Texas Commission subsequently rescinded its order.

This court concurs with the Texas and Seaboard cases, supra, that order 1217 is beyond the power of the Florida Commission, and thus unenforceable.

The Supreme Court of Florida heretofore refused the application of the intervenor herein to set aside a finding that order 1217 is beyond the power of the Florida Commission and thus unenforceable. (See O.R.C. v. King, 85 So. 2d 865.) The relator, itself, in its order 2228 (attached to the alternative writ as exhibit B) [8 Fla. Supp. 47] found order 1217 "unenforceable" and held the respondents "may disregard the same without risking any penalty action by this commission." Then in its order 2436 (attached to the alternative writ as exhibit C) [10 Fla. Supp. 105] the Florida Commission again recognized that since the Supreme Court of Florida had rejected the argument in support of the attempt to require Pullman conductors continuously in charge—"it would serve no useful purpose for this commission to attempt to reverse its decision and take issue with the Florida court of last resort". By the same token this

court will not take issue with the Supreme Court of Florida which has already had the exact question before it on petition for certiorari filed by the intervenor herein.

This court also has observed that the legislature of Florida has on numerous occasions refused to enact legislation which would have specifically authorized the exact type of order here sought to be enforced. This tends to support the contention of counsel for respondents that Florida public policy is not in accord with order 1217.

In addition to the foregoing reasons, there appearing no proper showing or reasonable basis for the entry of order 1217, docket 1274, either now or at the time of the entry thereof, the court holds that the same is void and unenforceable, and grants the motions of the respondents to quash the alternative writ of mandamus heretofore issued herein.

It is, therefore, considered, ordered and adjudged that the alternative writ of mandamus heretofore issued herein is hereby quashed.