PER CURIAM.
This appeal [certiorari] is from an order of the Circuit Court of Leon County denying a petition for certiorari to review certain price-fixing orders of the Florida Milk Commission. The case grew out of facts very similar to those stated in Borden Company v. Odham, Fla., 121 So.2d 625. A rather lengthy statement of facts is contained in the last cited case which in so far as necessary may be considered in connection with this case. What we said with reference to the question of jurisdiction in Borden Company v. Odham is also conclusive of that question in the instant case.
It is first contended that appellant was denied due process because no “ground rules” were prescribed for conducting the hearing incident to the price-fixing orders.
The statute does not prescribe any rules for conducting such hearings. It does require reasonable notice, an opportunity to be heard and introduce testimony. Section 501.06, Florida Statutes, F.S.A. It appears from the record that notice of a public hearing was given, that the hearing was held in October, 1957, that appellant was represented at the hearing but offered no testimony, nor did it raise any objection to what was offered at the time. It was shown at this hearing that 12% of the milk involved was classified in Class II and III milk and that all the balance, 88%, was Class I milk. On the basis of the facts found, prices on the Class II and Class III milk were prescribed and there is no showing that those prices were arbitrary or unreasonable, that appellant was prejudiced by them or than any other person was injured by them.
Appellant’s main grievance is directed to what it calls a lack of proper rules for conduct of the hearing, that the procedure followed made it impossible to provide a sufficient record for judicial review, that the orders of the Commission were grounded on improper evidence and that every *642 thing was wrong and nothing was right with the hearing or the evidence that was taken.
It is not amiss to point out, as we have done before, that hearings by administrative boards are not required to be conducted with all the dignity and decorum with which judicial hearings are conducted. Certainly they should be orderly and conducted in a manner to impress the public that an honest effort is being made to get at the truth of the controversy and arrive at a just conclusion, but it is a fact that tongues sometimes get loose and leave lots of immaterial talk in the record. Such talk as appears here is not shown to be harmful.
It is next contended by appellant that in promulgating the orders in question the Commission omitted consideration of any interest of the distributor.
It appears admitted that in price-fixing under the statute in question the distributor is entitled to earn a fair profit. It is contended, however, that there is not a bit of evidence in the record remotely bearing on the question of fair return on the distributors’ investment. It is also contended that there is no finding of facts to support the prices fixed.
We find no requirement that a price be fixed that a fair return be realized on each class of milk. It is perfectly apparent from the chancellor’s decree that he found that the Commission had before it the various factors involved in price-fixing. He further found that no evidence produced showed that the operations of the distributors have been unprofitable or that the prices in effect will not render a fair return on their business."
In addition to these findings, there are specific findings in the orders under review that the prices fixed are reasonable and necessary and that they will (a) best protect the milk industry, (b) insure a sufficient quantity of wholesome milk for the people, and (c) will do most to conserve the public interest.
In this connection appellant objects to certain exhibits filed at the October meeting. Said exhibits were and are a part of the record which could have been inspected by appellant but it elected not to object to, examine, question or contradict anything contained in them. Having remained silent when it should have spoken and failing to show injury, it will not be heard at this time.
Point three urged by appellant complains of an unlawful and unconstitutional delegation of power.
Such alleged unlawful delegation of power is contained in the following order of the Commission:
"For all Class II Milk delivered by producers during any period in excess of five per cent (5%) of the volume of Class I Milk as defined by Official Order of the Florida Milk Commission the price per gallon shall be the price established each month for Class II Milk, pursuant to the Miami, Florida, Federal Milk Marketing Order.”
It is contended that this order violates Section 12, Declaration of Rights, Constitution of Florida, F.S.A., and Section 1, Fourteenth Amendment to the United States Constitution. The order has to do with Class II milk. It establishes the price “pursuant to the Miami, Florida, Federal Milk Marketing Order” of formula. The Commission regulates the price based upon this formula; the federal administrator has nothing to do with it. The monthly price computed is ministerial and can be delegated. Appellant relies on Hutchins v. Mayo, 1940, 143 Fla. 707, 197 So. 495, 133 A.L.R. 394, to support its contention. We do not think this case remotely resembles the case at bar. The order under attack here is limited to the single order and has no reference to further orders or amendments. The fact that the order in question employs the terminology “shall be the price established each month,” is nothing more than an element in the application of the *643 formula. It is employed to reflect changes in the price of milk ingredients. These elements certainly distinguish this case from Hutchins v. Mayo, supra.
It is next contended that the order complained of is not supported by sufficient findings of fact.
The guide for the Commission to fix milk prices is found in § 501.13, Florida Statutes, F.S.A. We have examined the findings made in this case and we think they meet every requirement of this act. We are conscious of the variety of opinion in the country as to content and scope of findings to support each order, hut the pattern for them was set in McRae v. Robbins, 1942, 151 Fla. 109, 9 So.2d 284, and we think the findings in this case meet the requirement in that case.
It may be stated in conclusion that appellant has shown no harm resulting to it for not making a fuller or more complete finding of ultimate facts on which to predicate the order complained of, neither does it contend nor attempt to show that the orders were unreasonable or discriminatory. It is further shown that the lack of such adequate findings was not presented to the Commission at the appropriate time and being so, it comes too late at this time.
Appellant finally contends that since the Commission has abolished price controls at the wholesale and retail level it should not be permitted to fix prices at the producer level only.
The statute no where limits the power of the Commission in the respect contended. Aside from that the Commission is vested with broad discretionary powers and when the circumstances warrant we think prices may be regulated on the wholesale or retail level or the producer level or both. It appears that a hearing preceded the orders complained of and the order of the court shows that he was conscious of all the elements entering into the matter of price-fixing at all levels, as well as that of a reasonable return to the producer. . It appears that the Commission made a finding that the interests of the public and the industry would be best served by the order that was made and it is not shown that appellant objected at the time or made any showing that it was injured by the order complained of.
At best the Commission was exercising a permissive power delegated to it by the legislature. Shiver v. Lee, Fla.1956, 89 So.2d 318. No abuse of discretion is shown so the order of the chancellor denying petition for certiorari must be, and is hereby, affirmed.
Affirmed.
TERRELL, HOBSON, ROBERTS and THORNAL, JJ., concur.
THOMAS, C. J., dissents.