PER CURIAM.
Appellant, plaintiff below, appeals an adverse decree on its complaint for declaratory and injunctive relief. Specifically, appellant appeals the lower court’s refusal to declare the appellee Commission’s Rule 1.06 invalid and to enjoin enforcement thereof.
In late October of 1962, appellees, as the Florida Milk Commission, promulgated an order fixing minimum prices to be paid milk producers in the Pensacola milk marketing area. This order, now embodied in 220-1.06, Florida Administrative Code, was adopted pursuant to authority granted ap-pellees by Fla.Stat. 501.04(9), F.S.A. and under the mandate and authority of Fla. Stats. 501.13(1) and (4), F.S.A. Promulgation of the order climaxed three days of hearings which produced some 273 pages of testimony and various exhibits, including an accounting firm’s report of the production volume, investment, and production costs of producers in the area, the receipts and utilization reports of distributors in the area, and letters and testimony concerning milk pricing practices.
Following promulgation of the order, the appellant, as a distributor doing business in the Pensacola area, brought proceedings in Hillsborough County seeking a judicial declaration of the order’s invalidity. In the proceedings for declaratory relief, appellant introduced the transcript of testimony of the Commission’s meeting and certain, but not all, of the exhibits that had been before the Commission. Appellant also presented two witnesses, W. T. Barritt, Jr., President of appellant Borden Dairies and James Ryals, a Certified Public Accountant. Barritt’s testimony concerned the milk industry in the Pensacola area and the alleged adverse effects of the Commission’s order. Ryal’s testimony was a criticism of the practices and techniques utilized in the report upon which the Commission had, in part, relied.
The lower court held that appellant had not sustained the burden of proving the order’s invalidity and dismissed the cause.
In this appeal, as in the lower court, appellant challenges the order on two grounds: first, that the evidence relied upon to justify the order was incompetent, inadequate and insufficient and second, that the Commission’s action in fixing minimum producer prices without setting minimum distributor prices was violative of the express provisions of Fla.Stat. 501.13, F.S.A. and of certain State and Federal constitutional guarantees.
In urging this court to construe Fla. Stat. 501.13, F.S.A. as requiring that prices at both producer and distributor levels be fixed as a requisite of price fixing at either level, appellant argues that amendments to the statute in 1961 rendered the contrary decision of the Supreme Court in National Dairy Products Corp. v. Odham, Fla.1960, 121 So.2d 640, inapplicable. Upon examination of Chapter 61-311, Laws of Florida, 1961, the amending enactment, we must reject appellant’s contention and accept the decision in the Odham case as controlling.
The remaining challenge to the Commission’s price fixing order is predicated upon alleged inadequacies in the character and quantity of evidence adduced to support the order. Upon full consideration of those portions of the evidence before the Commission which was presented below *556 and of the criticism of that evidence adduced below, we conclude, as.did the lower court, that appellant has not sustained the burden cast upon it in the proceedings below and must affirm the lower court’s disposition of the cause.
Affirmed.
ALLEN, Acting C. J., and SHANNON and WHITE, JJ., concur.