OVERSTREET, MURRAY W., Associate Judge.
In these three cases, a three-judge Circuit Court of Hillsborough County, Florida, entered final decree in favor of defendant-appellee Florida Milk Commission and against plaintiff-appellant, The Borden Company. The cases were consolidated for trial and this appeal because the producer milk pricing Orders of the commission which were attacked were identical except that one applied to the Tampa Bay milk marketing area, another to the Central Florida area and the third one to the Northeast Florida area.
The record discloses that pursuant to an investigation and after public hearings properly noticed the Milk Commission adopted Order No. 20-29 on January 18, 1962 fixing minimum prices to be paid to producers in the five milk marketing areas of Florida, viz: Northeast Florida, Central Florida, Tampa Bay, Tallahassee and Pensacola.
Thereafter The Borden Company filed suit against the Milk Commission in the Circuit Court of Hillsborough County, Florida, seeking a declaratory decree determining the validity of Order No. 20-29 as it applied to the Pensacola and Tallahassee areas and praying for injunctive relief. *907 Final Decree was entered therein declaring said Order to be null and void insofar as it affected said areas for reasons which are not of any interest to us here.
At á meeting held in Winter Park, Florida, on April 25, 1962, the Milk Commission adopted separate orders fixing the price to be paid to producers for milk in each of the milk marketing areas. Notice of the meeting was not given by newspaper publication, but the same counsel who represents Borden in this appeal was given notice thereof by mail and was present thereat. In substance the five orders were identically the same as Order No. 20-29, the only difference being that each one of them applied to a single and separate marketing area.
On July 10, 1962, the Borden Company filed three separate suits against the Commission in the Circuit Court of Hillsbor-ough County seeking declaratory decrees determining the validity of the Orders and asking for injunctive relief as to the Tampa Bay, Central Florida and Northeast Florida areas. The complaints alleged among other things that the producer price orders were not supported by sufficient evidence, that Notice of the Winter Park meeting on April 25, 1962 was not given as required by Section 501.13(7) F.S.A. (by publication in newspapers), and that the orders were invalid because the Commission did not fix milk dealer prices at the same time it fixed milk producer prices. The Commission filed Answers generally and specifically denying these allegations.
Meanwhile, Florida Dairy Products, Inc. filed Petition for leave to intervene as a party plaintiff, Order granting leave to intervene was entered on June 1, 1962, and it adopted as its complaint the allegations of The Borden Company complaint insofar as same were applicable to it and its members.
By stipulation Florida Dairy Farmers’ Federation intervened as a party defendant and filed Answers on June 8, 1962 denying that the evidence was not competent or sufifi-cient to support the Milk Commission orders and that the statutes required the Milk Commission to fix milk dealer prices at the same time it fixed milk producer prices.
The parties then stipulated that the record necessary for the Court to consider in determining the cases should include . a transcript of the public hearings of the Milk Commission held in Tallahassee on January 14, 15, 16, 17 and 18, and in Winter Park on April 25, 1962 and reports of Dr. R. E. L. Green and E. C. Allen with respect to studies of cost of milk production introduced as exhibits at said hearings.
After final hearing, the three-judge Circuit Court entered decrees in each of said cases in which the Milk Commission orders relating to Tampa Bay, Central Florida arid’ Northeast Florida areas were held, to be valid. Petitions for rehearing in all the cases were granted, rehearings were held, the Petitions were denied, and these appeals by Borden ensued.
 Appellant contends that the lower Court erred when it ruled in effect that the Milk Commission did not violate the provisions of that portion of Section 501.13 F.S.A. which enumerates certain factors the commission should take into considera- . tion in fixing prices to be paid by' dealers to' . producers for whole fresh liquid milk, when : it used the blend price method in fixing said prices. However, it has not been made . to appear to us that the Commission failed-., to consider these enumerated factors, and . as it appears to us that the evidence adduced ' at the hearings conducted by the Commission was sufficient to support its orders, we must hold that it did-not violate the provisions of said section. Even if it be true that , the Commission, after having considered the factors enumerated in this section of the statute, then utilized the blend price method in its final effort to arrive at the ■ price which dealers should pay producers . for said milk, we do not find fault with ib because this method of determining prices ' has been approved in Colteryahn Sanitary. Dairy v. Milk Control Commission, 332 Pa. *908 15, 1 A.2d 775, 122 A.L.R. 1049, Rieck-Mc-Junkin Dairy Co. v. Milk Control Commission, 341 Pa. 153, 18 A.2d 868, and in other jurisdictions.
It is also contended by appellant that the Circuit Court committed error by decreeing that Section 501.13(1) F.S.A. as amended in 1961, does not compel the Milk Commission to fix retail prices at the same time it fixes producer prices for milk. We do not find anything in the language of the 1961 amendment of this Section of the statute which should cause us to recede from the holding in National Dairy Products Corp. v. Odham, Fla., 121 So.2d 640, 641, and as we have recently ruled in the case of The Borden Company, a corp. d. b. a. Borden’s Dairy v. Andrews, Chairman, et al, Fla.App., 161 So.2d 554, we reiterate here that “the Commission is vested with broad discretionary powers and when the circumstances warrant * * * prices may be regulated on the wholesale or retail level or the producer level or both.” (121 So.2d 643)
Finally, appellant complains that the lower Court erred in failing to find the challenged producer price orders to be invalid • for the reason that no notice was given of a public price hearing to be held nor was there any public price hearing held at the meeting of the Milk Commission at Winter Park, Florida, on April 25, 1962 when said price orders were adopted. A study of the record reveals that originally the commission entered one order regulating prices in all five of the milk areas. Thereafter it found that a single order controlling prices in all of the areas was unathorized, so at the Winter Park meeting it adopted five separate orders, one for each area, all based upon the information, data and testimony upon which the original order was based, and without the taking of any new or additional testimony. In other words, it simply amended or corrected its original order, the change being one of form and not of substance, and there are several cases in our jurisdiction which we think support such action.
In State ex rel. Burr et al. v. Seaboard Airline Ry. Co., et al., 93 Fla. 104, 111 So. 391, the Supreme Court held that “The law is * * * well settled that the railroad commission, like a court, may of its own motion or by request correct or amend any order still under its control without notice and hearing to parties interested, provided such parties cannot suffer by reason of the correction or amendment, or if the matters corrected and amended were embraced in testimony taken at a previous hearing. * * * The sole purport of the amendment was to change the order of the railroad commission from a joint to a several order, which in this case amounted to a change in form only.”
More recently in Leonard Brothers Transfer & Storage Co., et al. v. Douglass, et al., 159 Fla. 510, 32 So.2d 156, and Boyd, et al. v. Southeastern Telephone Co., Fla.App., 105 So.2d 889, the Supreme Court and First District Appellate Court respectively have said that a “[Cjommission, like a court, may of its own motion or by request correct or amend any order still under its control without notice and hearing to parties interested, provided such parties cannot suffer by reason of the correction or amendment, or if the matters corrected and amended were embraced in testimony taken at a previous hearing.”
Since is has not been made to appear to us that the Broden Company would suffer any undue hardship by reason of the amended order or that its burden was in any way enlarged or made more grievous thereby, we are of the opinion that appellant’s attack on this ground is wholly without merit.
Accordingly, the decree of the lower Court is hereby affirmed.
ALLEN, Acting C. J., and KANNER (ret.), J., concur.