THE STATE OF FLORIDA, *ex rel.* R. HUDSON BURR, A. S. WELLS, AND E. S. MATTHEWS, AS RAILROAD COMMISSIONERS OF THE STATE OF FLORIDA, *Relators,* v. SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, AND GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY, A CORPORATION, *Respondents.*

En Banc.

Opinion filed January 20, 1927.

Petition for Rehearing denied March 9, 1927.

1. Administrative orders, *quasi* judicial in character, are void if a hearing was denied, or if granted on an inadequate or unfair hearing, or if the finding was contrary to the "indisputable character of the evidence."

2. The Railroad Commission, like a court, may of its own motion or by request correct or amend any order still under its control without notice and hearing to parties interested, provided such parties cannot suffer by reason of the correction or amendment, or if the matters corrected and amended were embraced in testimony taken at a previous hearing.

3. Where the identical testimony was re-examined and no undue hardship is shown to be imposed on the Railroad Company as a result of such change, the change of one of its orders on the part of the Railroad Commissioners from a joint to a several one amounts to a change in form only.

4. Where no undue burden is imposed on Interstate Commerce, the power of the Railroad Commissioners to require improvements in depots for the safety and convenience of passengers is plenary.

5. This Court will not disturb the findings of fact on the part of the Railroad Commissioners even when based on conflicting testimony. It will, however, on presentation of a justiciable question determine the legal effect of the evidence, whether the order as made deprives the respondent of a constitutional or statutory right or for any reason is contrary to law, and whether or not the hearing incident to making the order was fair and adequate.

6. Under the common law, where the performance of a series of acts by different parties was necessary to the ultimate object of a writ of mandamus, it was proper to make them all parties respondent. Section 4661, Revised General Statutes of Florida, is broad enough to warrant the inclusion of different parties in the same writ where such inclusion is necessary to require the performance of orders of the Railroad Commissioners legally made.

A case of original jurisdiction.

Motion granted.

*Fred H. Davis,* for Relators;

*W. J. Oven, J. E. Hall,* and *Cooper, Cooper, & Osborne,*
for Respondents.

TERRELL, J.—This case is here for disposal the second
time. In the former opinion reported in — Fla. —, 104
South. Rep. 602, the motion for peremptory writ was
denied because respondents jointly were commanded by
the alternative writ to erect and maintain in connection
with the south side of their joint passenger terminal sta-
tion at Lake City, Florida, 350 feet of umbrella shed with
hard surfaced platform, and in connection with the north
side of said joint passenger terminal station 100 feet of
umbrella shed with hard surfaced platform. It being
made to appear by the facts exhibited that the duty was on
each respondent separately to erect and maintain the said
upbrella shed along its particular road, if it in law was
proper to be required, and that there was no joint duty
in such erection.

Relators amended their original order and on petition
the alternative writ was amended to conform to the views
of this Court expressed in the opinion on the former hear-
ing. Respondent, Seaboard Air Line Rairoad Company
confessed the facts alleged in the amended alternative writ
and withdrew all objection to the requirements as to it in
the amended order, so the cause is now before us on the
resistance of the respondent Georgia Southern & Florida
Railroad Company to the amended order which in effect
required the Seaboard Air Line Railroad Company to con-
struct that portion of the umbrella shed ordered to be con-
structed adjacent to its track, and likewise required the
Georgia Southern & Florida Railway Company to construct
that portion of the umbrella shed ordered to be constructed
adjacent to its track.

The former opinion in this case was filed May 25, 1925,

and on June 17, following, relators promulgated their amended order. The respondent Georgia Southern & Florida Railway Company resists compliance with the amended order because; (1) said amended order amounted to a change in substance and not form only, and was made without notice to respondents; (2) the alternative writ and return thereto shows that on the original hearing relators did not consider the erection by each respondent of separate sheds, the possible abandonment by respondent Georgia Southern & Florida Railroad Company of part of its main track, the resulting burdens on interstate commerce or the necessity of respondent Georgia Southern & Florida Railway Company issuing bonds to comply with the amended order, and (3) misjoinder of parties respondent.

The law is well settled that administrative orders, quasi-judicial in character, are void if a hearing was denied, or if granted on an inadequate or unfair hearing, or if the finding was contrary to the "indisputable character of the evidence." Interstate Commerce Commission v. Louisville & N. R. Co., 227 U. S. 88, 33 Sup. Ct. Rep. 185; Louisville & N. R. Co. v. Sloss-Sheffield Steel & Iron Co., Supreme Court Rep. Dec. 15, 1925, page 73.

The law is also well settled that the Railroad Commission, like a Court, may of its own motion or by request correct or amend any order still under its control without notice and hearing to parties interested, provided such parties cannot suffer by reason of the correction or amendment, or if the matters corrected and amended were embraced in testimony taken at a previous hearing. Interstate Commerce Commission v. Louisville & N. R. Co., *supra.*

The contention of respondent that the change in the amended order was one of substance and not form only is not well grounded. The sole purport of the amendment was to change the order of the Railroad Commission from a

joint to a several order, which in this case amounted to a change in form only. Inspection of the amended writ discloses that the evidence taken at the original hearing was reconsidered and neither the protest nor the return on the part of respondent makes it appear that it will suffer any undue hardship by reason of the amended order or that its burden has been in anywise enlarged or made more grievous thereby.

The power of the Railroad Commission to require such improvements or betterments as are involved in this litigation was fully covered in our former opinion in this case. It was there in effect held that such power was plenary if the requirement imposed no undue burden on interstate commerce. It was shown at the former hearing that the total cost of the umbrella shed ordered constructed on the part of the respondent Georgia Southern & Florida Railway Company would amount to not exceeding $3,600.00. It is not shown here that this amount would be increased under the amended order; nor is it shown or alleged that the expenditure of this amount would impose a burden on interstate commerce or that respondent would be compelled to issue bonds or other evidences of indebtedness to be approved by the Interstate Commerce Commission for the purpose of complying with the amended order.

In cases of this kind the Court will not disturb the findings of fact on the part of the Railroad Commission even when based on conflicting testimony. The credibility of the witnesses and the conflicts in the testimony must be reconciled by the Commission. The Court will, however, on presentation of a justiciable question determine the legal effect of the evidence, whether the order as made deprives the respondent of a constitutional or statutory right, or for any reason is contrary to law, and whether or not the hearing incident to making the order was fair and adequate.

Interstate Commerce Commission v. Louisville & N. R. Co., *supra.*

It is last contended that the Seaboard Air Line Railway Company and the Georgia Southern & Florida Railway Company are improperly joined as parties respondent.

Under the common law where the performance of a series of acts by different parties was necessary to the ultimate object of the writ of mandamus it was proper to make them all parties respondent; but aside from the common law rule, we think Section 4661, Revised General Statutes of Florida, 1920, is broad enough to warrant the inclusion of different parties in the same writ where such inclusion is necessary to require performance of orders of the Railroad Commissioners legally made under circumstances shown in this case. The respondent Seaboard Air Line Railway Company having acquiesced in the order, the command of the alternative writ is now in effect addressed to the remaining respondent.

The amended order complained of being one of form only, and it not being made to appear that respondent is harmed thereby, or that it directly or indirectly imposes a burden on interstate commerce, the motion for peremptory writ will be and is hereby granted.

ELLIS, C. J., AND WHITFIELD, STRUM, BROWN AND BUFORD, J. J., concur.

PER CURIAM.—A petition for rehearing suggests that the order of the Railroad Commissioners is without force and effect unless there be a finding that the facility reqiured to be furnished is duly found by the Commissioners to be necessary for the ''safety'' of passengers.

The general and special powers conferred upon the Railroad Commissioners by the statutes of the State clearly authorize appropriate orders by the Commissioners requiring

a railroad carrier to furnish facilities for the safety or convenience or comfort of passengers.

The original order herein was not enforced because it was joint when the duty was several. The present order made upon a proper predicate is several and enforceable.

Rehearing denied.

All concur.