**LEONARD BROTHERS TRANSFER & STORAGE COMPANY, a Florida corporation; RYDER TRUCKING COMPANY, a Florida corporation, CENTRAL TRUCK LINES, INC., a Florida corporation; GREAT SOUTHERN TRUCKING COMPANY, a Florida corporation; TAMIAMI TRAIL TOURS, INC., a Florida corporation; OVERSEAS TRANSPORTATION COMPANY, a Florida corporation, v. W. B. DOUGLASS, JERRY W. CARTER and WILBUR C. KING, constituting the Railroad Commission of the State of Florida.**

32 So. (2nd) 156                                     June Term, 1947
October 7, 1947                                            Division B

*Shutts, Bowen, Simmons, Prevatt & Julian* and *Milam, McIlvaine, Carroll & Wattles,* for petitioners.

*John E. Bollinger* for Walter W. Sarbent, doing business as Poinciana Transfer Service, Inc. *Lewis W. Petteway, Kenneth Ballinger* and *R. Clyde Simmons* for W. B. Douglass, Jerry W. Carter and Wilbur C. King, constituting the Railroad Commission of the State of Florida, respondents.

BARNS, J.:

Walter W. Sargent doing business as Poinciana Transfer Service made application to the Commission for an extension of Certificate No. L-34 theretofore issued to him by the Commission.

The Commission by order 1978 extended Certificate No. L-34 to permit Sargent to haul "heavy machinery" "to and within a radius of 200 miles of Palm Beach County" and to permit him to haul "building material" "from, to and between points and places in Palm Beach County."

The application for extension of Certificate No. L-34 on which Order 1978 was predicated was an application to haul "heavy machinery" and "building material" etc., "to and

within a radius of 200 miles of Palm Beach County." On a hearing of the foregoing application the petitioners here appeared and intervened.

Thereafter, Sargent made a second application for further extension of L-34 so as to permit the hauling of "heavy machinery" and "building material" "from points and places in Palm Beach County to and from points and places within a radius of 200 miles of Palm Beach County."

When this second application came on before the Commission for a hearing it was *suggested by the attorney for the Commission* that the hearing be confined to "heavy machinery" and the application to "building material" be eliminated and it appears that such suggestion was tacitly adopted by the Commission.

The Commission passed on this second application by its Order No. 2000 which correctly recited therein the scope of this application as made and the scope of its Order 1978 as to permitting the hauling of "heavy machinery" "from points and places in Palm Beach County to and within a radius of 200 miles of Palm Beach County," yet the Commission, notwithstanding the proceedings previously had before it, as recited in the foregoing paragraph, did rule that in order correctly to reflect the Commission's decision as "erroneously contained in its Order 1978" the application should be granted and that Certificate L-34 be extended so as to authorize the hauling of "heavy machinery" and "building material" "from points and places in Palm Beach County to and from points and places within a radius of 200 miles of Palm Beach County."

It is well settled that before the common law writ of certiorari will issue it must appear that: (1) the inferior tribunal or commission has committed some error of law; (2) the error has caused substantial harm; (3) the petitioner has been guilty of no laches in seeking his remedy. (See 10 Am. Jur. p. 531). All petitions for certiorari should be specific in respect to these essential matters, particularly as to items (1) and (2) supra. The acts deemed to be error should be assigned with such particularity as to show error and such acts must be made to appear to have been harmful.

In the case of State ex rel. Burr, et al., State Railroad Com'rs, v. Seaboard Air Line Ry. Co. et al., 93 Fla. 104, 111 So. 391, this Court said:

"Commission, like a court, may of its own motion or by request correct or amend any order still under its control without notice and hearing to parties interested, *provided such parties cannot suffer by reason of the correction or amendment,* or if the matters corrected and amended were embraced in testimony taken at a previous hearing." (Underscoring ours).

Since at the time of the hearing on the second application the hearing on the first application had been concluded and all interested parties had accepted the Order 1978 and a final determination thereof and in as much as no interested party had sought to have same reconsidered by the Commission or reviewed by certiorari it will be considered that the hearing on the first application had become final; that we need only consider the second application, the hearing thereon and Order 2000.

The Supreme Court has held in the case of *Central Truck Lines v. Railroad Commission,* 118 Fla. 555, 160 So. 26, that public convenience and necessity "must be affirmatively established by appropriate evidence, and duly found by the Commission therefrom "and that" absent such affirmative finding bottomed on a sufficient factual showing to substantially support it, the Railroad Commission is without authority to grant its approval for the inauguration of a substantially new service." (Text, page 30).

It is our conclusion that Order 2000 should be quashed because (1) of the want of evidence to support the findings made by the Commission as to the public convenience and necessity for the permit to the extent specified in said Order and because (2) the hearing was conducted as confined to "heavy machinery" as *suggested by the attorney for the Commission,* (See Seaboard Air Line Ry. Co. v. Wells, 100 Fla. 1631, 131 So. 777) and it was error for the Order to extend beyond the scope of the hearing.

Therefore, it is adjudged that the writ of certiorari issue and that said Order 2000 stand quashed and with leave for

such other and further proceedings before the Commission in respect to said second application as shall not be inconsistent herewith.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.