CARROLL, DONALD K., Judge.
This is an original proceeding in prohibition in which the relators filed their suggestions for a writ of prohibition directed to the Honorable Hugh M. Taylor as Judge of the Circuit Court of the Second Judicial Circuit for Leon County, Florida.
In their suggestions the relators, being the Florida Railroad and Public Utilities. *746 Commission and the cities of Tallahassee, Valparaiso, Crestview, Madison, Fort Walton Beach, Greenville, and Niceville, municipalities under the laws of Florida, alleged that the Southeastern Telephone Company on March 7, 1958, filed with the relator commission an application for authority to increase its rates for telephone service in the territory serviced by it; that a month later the commission advised the company that, before its application could be finally considered, it would be necessary to separate its investments, expenses, and income so as to distinguish intra-state and inter-state transactions; that on May 9th the commission, on motion of the company and without hearing or notice to adverse interests, entered its order No. 2610, authorizing the company immediately to put into effect schedules of higher rates requested by it as temporary rates and requiring the company to post a bond in the sum of $50,000 to guarantee refund of any part of such increased rates which might on final hearing be found to be excessive; that the bond was filed and the new and higher rates were put into effect.
The relators further alleged in their suggestions that on May 26th the city relators filed a petition to vacate said order No. 2610, alleging, among other things, that Section 364.05, Florida Statutes, F.S.A., which authorized the commission for good cause to allow changes in rates and charges, did not authorize or permit such rates and charges to be changed without hearing evidence and receiving adequate proof as to the necessity of such changes, and alleging that the petitioners and other members of the public had entered formal protests against the changes, but that they were not allowed an opportunity to be heard upon the question of the necessity of permitting such changes, depriving them of an opportunity to be heard, amounting to a taking of their property without due process of law; that on May 29th, without hearing and without notice to the company, the commission entered its order No. 2618, vacating order No. 2610 and directing the' company immediately to refund to its subscribers all increases collected under authority of order No. 2610; that on the next day the company filed a suit in the Circuit Court of the Second Judicial Circuit for Leon County, the defendants being the members of the Florida Railroad and Public Utilities Commission, which suit sought a declaratory decree and an injunction against the enforcement of order No. 2618; that on the same date, without notice to the city relators and without making them parties to the cause, the respondent judge entered a temporary restraining order enjoining the commission from enforcing order No. 2618 or assessing any penalty for its violation until a final hearing could be had, and setting such hearing for June 16th; that the commission filed a motion to dismiss the complaint and to dissolve the temporary restraining order; that the city relators filed a petition for leave to intervene, which was granted, and they then filed a motion to dismiss the complaint, setting forth, among other grounds, that there was a full, complete, and adequate remedy for review by certiorari from the Supreme Court of Florida to the commission under the provisions of Section 350.641, Florida Statutes, F.S.A.; that the complaint, in essence, requested the court to usurp the legislative prerogative to prescribe rates for public utility service; that the respondent judge subsequently entered an order denying the motions to dismiss the complaint and denying the motion to dissolve the temporary injunction, his order providing: “but the continuance of such injunction is made without'prejudice to the power of the commission to set and continue a hearing for the fixing of temporary reasonable rates * * * ”; that the respondent was, therefore, exceeding his jurisdiction when by declaratory decree he examined the face of the complaint, declared one order of the commission to be valid and the other void, and enjoined the enforcement of order No. 2618, thereby usurping the power of review by certiorari from the Supreme Court of Florida to the commission and in usurping the .legislative preroga *747 tive to prescribe rates for public utility service.
The respondent filed an objection to the suggestions, alleging, among other things, that he had jurisdiction of the class of cases embracing the cause instituted by the telephone company.
The question for determination by this court is whether the suggestions for the writ of prohibition or rule to show cause makes a prima facie case, in which event a superior court will issue a rule directing the inferor court to show cause on a day certain why the writ, as prayed for, should not issue. Rule 4.5d(2), Florida Appellate Rules, 31 F.S.A.
It is well settled in this state and elsewhere that prohibition lies only to restrain inferior courts from acting without authority of law or from exceeding their powers. Curtis v. Albritton, 101 Fla. 853, 132 So. 677. In other words, the sole question before us is whether the Circuit Court of the Second Judicial Circuit for Leon County had jurisdiction of the suit for declaratory decree brought by the telephone company, or whether such court in that suit exceeded its jurisdiction. All other questions are subordinate or irrelevant to that vital inquiry. Allegations in a suggestion that an inferior court has committed error are insufficient to establish a prima facie case that will justify the issuance of a rule to show cause or, ultimately, a writ of prohibition. The remedy, of course, for the correction of errors made by lower courts in the exercise of their jurisdiction is by appeal or petitioning for a writ of certiorari to a higher court as may be provided for in the applicable statutes, constitutional provisions, or rules.
As the Florida Supreme Court said in the case of State ex rel. Schwarz v. Heffernan, 142 Fla. 137, 194 So. 313, 314:
“It is fundamental' that prohibition does not lie to correct errors of a court which is acting within its jurisdiction, although proceeding improperly in the exercise of its jurisdiction. Prohibition cannot be used to supersede the functions of an appeal or writ of error unless authorized by statute. Likewise, where the existence of jurisdiction depends on controverted facts which the inferior court has the jurisdiction to determine and in the exercise of this jurisdiction errs, the remedy is by an appeal or writ of error and prohibition cannot be used as a substitute. See 50 C.J., par. 43, pages 677, 678. Prohibition lies only when a court is without jurisdiction or is attempting to act in excess of jurisdiction and then only when there is no other adequate remedy. See Crill v. State Road Department, 96 Fla. 110, 117 So. 795. When the court has jurisdiction and is not attempting to exceed such jurisdiction, prohibition will be denied. It does not lie to prevent the commission of errors on the part of a court that is proceeding within the scope of its jurisdiction.”
We have carefully considered the suggestions of the relators, the objection of the respondent, and the argument of counsel for all parties, and have reached the conclusion that the allegations in the suggestions fail to state a prima facie case for the issuance of a rule to show cause or a writ of prohibition, because of the failure of those allegations to show that the respondent judge lacked jurisdiction of the telephone company’s suit or that he exceeded his jurisdiction by his actions in that suit. In this proceeding in prohibition, of course, we cannot and do not pass upon the merits of the controversy, nor upon the question whether the respondent may have committed any error in that suit.
The suggestions, having failed to state a prima facie case, should be and are denied, and this court will not, therefore, upon such suggestions issue a rule or the writ.
STURGIS, C. J., and THOMAS, EL-WYN, Associate Judge, concur.