CARROLL, DONALD, Judge.
This is an interlocutory appeal from two orders of the Circuit Court for Leon County, Florida, entered on June 2 and 27, 1958, arising out of the following situation shown by the record.
On March 7, 1958, the appellee, the Southeastern Telephone Company, which renders telephone service in several counties in the northern part of Florida, filed an application for an increase in rates and charges with the Florida Railroad and Public Utilities Commission, which ’has jurisdiction over rates chargeable by telephone companies in this state under 'Chapter 364, Florida Statutes, F.S.A. The members of the Commission are among the appellants herein.
In its application the company asserted that its currently authorized rates, which had not been changed since 1952, had become insufficient, unjust, unfair, and discriminatory to the company and did not yield a reasonable compensation for the services rendered, and would impair its ability to maintain adequate and efficient telephone service and to continue to expand its facilities and services to serve-new applicants, and hence were contrary to the public interest, etc. The prayer of' the application was that the Commission,, after hearing and consideration, issue an< order authorizing the company to increase-its rates in accordance with a schedule of rates attached to the application.
Later the company received a notice-under date of April 7th from the Commission that it would be a condition precedent to an order on the application that the-company furnish a “separation study” between its interstate and intrastate toll and exchange services.
After receiving this notice, the company-on May 6th filed with the Commission a motion stating that in the first two months-of 1958, the latest available figures, the company’s earnings at the then current-rates were less than 4 per cent on its investment, which was insufficient to cover its interest and liabilities and dividend requirements and that such rates, which were inadequate in 1957, were becoming more inadequate each day; that deferment of action by the Commission would be confiscatory of the company’s property. This motion was supported by an affidavit of the company’s division manager.
On May 9th two of the appellants, constituting a majority of the Commission,, entered its Order No. 2610, stating that it was obvious to the Commission that some increase in rates would probably be necessary but the extent could not be determined until a full public hearing had been held by the Commission, and that the Commission felt that the company should be allowed to put the proposed schedule of rates *891 and charges into effect immediately. The order required the posting by the company of a $50,000 bond for the protection of the subscribers, covering possible refunds to them for the difference, if any, between the rates authorized by the order and those finally authorized by the Commission after a full public hearing. In the order the Commission directed the company to increase its exchange rates and charges in accordance with the schedule. The required bond was filed by the company with the Commission, which approved the bond.
The cities of Tallahassee, Valparaiso, Crestview, Madison, Fort Walton Beach, Greenville and Niceville, all Florida mu-nicipalites served by the company, on May 26th filed with the Commission a petition to vacate its Order No. 2610, requesting the Commission to vacate and set aside Order No. 2610, and setting forth as grounds for the petition that Section 364.05, Florida Statutes, F.S.A., did not authorize or permit rates and charges to be changed without hearing evidence and receiving adequate proof as to the necessity for such changes, that the petitioners and numerous other members of the public had entered formal protests against such changes, but the petitioners and other protestants were not allowed an opportunity to be heard on the question of the necessity for such changes, that Order No. 2610 was made without a record of the evidence adduced in support thereof and the findings made thereon as required by law, that the entry of the order without giving the petitioners an opportunity to be heard thereon amounted to a taking of their property without due process of law, and that the affidavit of the division manager attached to the application affirmatively showed that the company was earning a return of nearly 4 per cent on its investment in a time of world wide recession (when few other utilities were earning anything), etc. The company on the same date filed with the Commission a motion to strike the cities’ petition, requesting an oral argument on its motion. The company also filed an answer to the petition, subject to the motion, stating that it had indicated at all times that it was seeking and was then ready for a public hearing on the application.
Without a hearing on the company’s motion to strike, the Commission on May 29th entered its Order No. 2618, denying the motion and the prayer of the answer, granting the cities’ petition to vacate Order No. 2610, directing the company immediately to refund to the subscribers all increases collected under Order No. 2610, and ruling that the company’s motion for temporary rates under bond be taken under consideration pending the holding of a pre-hearing conference subsequently to be authorized by the Commission.
The next phase in this controversy began on May 30, 1958, when the telephone company instituted the present litigation by filing a complaint in the Circuit Court for Leon County, in which the principal offices of the Commission are located, praying for an injunction enjoining the appel-lee-commissioners from enforcing Order No. 2618 and from imposing any penalties against the company, and from interfering with the company in continuing to. bill and collect the rates and charges authorized under Order No. 2610 until said appellees should enter an order lawfully finding and providing fair, j.ust, reasonable, and sufficient rates to be charged by the company, and praying for a temporary restraining order against the appellees, pending the hearing or hearings in the Circuit Court. An amended complaint was later filed, alleging the facts stated above in this opinion
The next day the Circuit Court issued an order enjoining the appellees, their employees, and their agents, from enforcing Order No. 2618, decreeing that all monies collected by the company under Order No. 2610 be held under the bond required by that order, setting a further hearing of the cause on June 16th, and ordering that the company either join as parties the city petitioners or give each of them notice of said hearing so that they could appear as amicus curiae or seek leave to intervene. *892 This order is one of the orders appealed from herein.
On June 27th the Circuit Court entered the second order appealed from, denying the motion of the appellees to dissolve the temporary injunction hut holding that the continuance of the injunction was without prejudice to the power of the Commission to proceed to set and conduct a hearing for the fixing of temporary reasonable rates by the company pending the final consideration of its application for a rate increase, and that upon the fixing of temporary rates by the Commission after a hearing the temporary injunction would stand dissolved.
In the course of its opinion the court held that any change in rates effected by the Commission must be Under Section 364.14, Florida Statutes, F.S.A., and must be preceded by a hearing by the Commission of facts justifying a change, that if Order No. 2610 was improvidently entered, it would within a reasonable time thereafter be subject to revocation upon reconsideration. The court, however, further held that in reliance upon that order the company had posted the required bond, had adjusted its base rate boundaries and established certain rate zones, and had collected substantial sums of money pursuant thereto, under which circumstances the company had such an interest in the order that the constitutional right of due process of law required that it be heard upon any reconsideration of the order. With reference to Order No. 2618 the court pointed out that it was entered without notice to> the company or without hearing, and said that a reconsideration of an order acted upon and under which the company’s operations had been changed and obligations incurred could not be had without notice and hearing. The court held that any change of rates under Section 364.14 could by the terms of the statute be ordered only after a hearing, and hence Order No. 2618 was void because it was entered without jurisdiction and was subject to collateral attack. Finally, the court held that Order No. 2610 was valid and in effect in the sense that it presently justified the company in changing the rates therein specified, and the court was careful to point out that it was not expressing any opinion as to that order’s propriety or the correctness of the rates therein authorized.
On July 11, 1958, the appellants filed in this Court of Appeal suggestions for the issuance of a writ of prohibition, challenging the jurisdiction of the Circuit Court to enter its orders of June 2nd and 27th, but this Court denied the suggestions. See opinion reported in State ex rel. Florida Railroad and Public Utilities Commission v. Taylor, Fla.App., 104 So.2d 745.
In entering the orders appealed from the Circuit Court was apparently in the anomalous position of holding that Order No. 2618 was void because issued without a hearing, but that Order No. 2610, which was vacated by Order No. 2618, was valid and should be reinstated, though it, too, was issued without a hearing. So far as the lack of a hearing and due process of law are concerned, both of these orders seem to us to be “tarred with the same brush.”
When the appellee telephone company on March 7, 1958, filed its application for an increase in its rates and charges, it did so, we think, under the provisions of Section 364.05, Florida Statutes, F.S.A., which provides in part:
“Unless the commissioners otherwise order no change shall be made in any rate * * * or charge, which shall have been filed and published by any telephone or telegraph company in compliance with the requirements of § 364.04, except after thirty days’ notice to the commissioners and the publication for thirty days as required in the case of original schedules in said section, which notice shall plainly state the changes proposed to be made in the schedule then in force, and the time when the changed rate, toll, contract or charge will go into effect. * * *
*893 “The commissioners, for good cause shown, may allow changes in rates, charges, tolls, rentals or contracts without requiring the thirty days’ notice and publication herein provided for, by an order specifying the change so to be made and the time when it shall take effect, and the manner in which the same shall be filed and published.
“ * * * No change shall be made in any rate, toll, rental, contract or charge prescribed by the commissioners without their consent.”
The record shows that the telephone company failed to publish the thirty days’ notice contemplated by the first part of the quoted section and that in fact no hearing was held on the application. Under the second paragraph of the quoted section the Commission, however, had the power “for good cause shown” to allow the changes in rates and charges without the notice and the publication, but the Commission made no mention of the notice and publication, or their absence, in Order No. 2610. We do not find in the record that the company at any time prior to the issuance of that order showed “good cause” in order to justify the Commission’s dispensing with the notice and publication provided for in the above statute, so we cannot agree with the Circuit Court’s holding that Order No. 2610 was validly entered without a hearing. In its motion filed May 6th the company requested an immediate order authorizing an increase in the rates and charges in accordance with its application because the company had an immediate need for increased revenues, pointing out that the “separation study” required by the commission would take at least six months to prepare, but we do not think that this sufficiently shows good cause for dispensing with the thirty days’ notice and publication, which would have given the city appellants and the many thousands of citizens living in the area serviced by the company an opportunity to be heard on the question, important to them too, as to whether the telephone rates and charges should be increased. We further disagree with that court’s holding that Order No. 2618, vacating Order No. 2610, was invalid because entered without a hearing. In its order of June 27, 1958, the circuit court held:
“Order No. 2618 was entered without notice to the utility or a hearing. Authority to enter such an order must stem from one of two sources, (a) the power to reconsider a consent to an increase initiated by the utility under Section 364.05, or (b) a change of rates under Section 364.14. As has just been noted a reconsideration of an order acted upon and under which the utility’s operations have been changed and obligations incurred cannot be had without notice and hearing. Any change of rates under Section 364.14 can by the terms of the statute be ordered only after a hearing. It follows that the order of May 29, 1958, designated Order No. 2618 is void because entered without jurisdiction and is subject to collateral attack.”
It is true that Section 364.14, Florida Statutes, F.S.A., relating to the readjustment of rates, charges, etc., contemplates the holding of a hearing by the commissioners upon their own motion or upon complaint, but it is our opinion that Order No. 2618 was not issued under the provisions of Section 364.14 but instead was issued as the result of the Commission’s reconsideration of the matters involved in its Order No. 2610. We disagree with the statement of the court’s order that such a reconsideration could not be had without notice and hearing. It seems to us fundamental that a court, or a quasi-judicial body like the Florida Railroad and Public Utilities Commission, has the power on its own motion or on request to correct or amend an order still under its control without notice and hearing to interested parties, under the conditions set forth in the following rule announced by the Florida Supreme Court in the case of State ex rel. Burr v. Seaboard *894 Air Line Ry. Co., 93 Fla. 104, 111 So. 391, 392:
“The law is also well settled that the railroad commission, like a court, may •on its own motion or by request correct or amend any order still under its •control without notice and hearing to parties interested, provided such parties cannot suffer by reason of the correction or amendment, or if the matters corrected and amended were embraced in testimony taken at a previous hearing.”
This same rule was quoted with approval in Leonard Bros. Transfer & Storage Co. v. Douglass, 159 Fla. 510, 32 So.2d 156. In this case Order No. 2610, a temporary order, was clearly still under the Commission’s control when it entered Order No. 2618, and we do not think that the circumstances as shown by the record are sufficient to invoke the proviso clause in the above-quoted rule.
The basic contention of the telephone company in this controversy appears to be that the rates which were set by the Commission in 1952 and which would go into effect if Order No. 2618 is valid, are confiscatory because insufficient to allow the company to meet its interest and dividend commitments, etc., and this theory is reflected in the orders appealed from, but we do not think that the withholding by a regulatory body of permission temporarily to increase rates pending the administrative process contemplated by law (i. e., public notice and hearing, etc.) can properly or legally be considered a confiscation of the company’s property in violation of its constitutional rights.
It is our judgment, therefore, that Order No. 2618 is valid and enforceable and that the two orders of the Circuit Court appealed from should be and are reversed, with directions to the Circuit Court to dissolve the injunction, so that this controversy may be returned to the jurisdiction of the Commission for determination of the company’s application upon final hearing in which the evidence of all interested parties may be received.
THOMAS, ELWYN, Associate Judge, concurs.