MANN, Judge.
Growers Marketing Service complained, pursuant to Fla.Stat. § 601.66 (1969), F.S. A., that Jack Goldtrap contracted to deliver 10,000 boxes of oranges at 30 cents per pound solids. Goldtrap defaulted, and petitioner bought in the open market at an average of 54.73 cents per pound solids. The Commissioner of Agriculture found for Growers Marketing Service. In its memorandum on damages, Growers’ attorney stated, "Thus, by calculation, Complainant would be owed * * * .2473 cents times 10,000 boxes ($2,473.00) * * * ” The Commissioner’s order used this figure, although the record suggests an average of 4.628 pounds solids per box.
Growers asked the Commissioner to correct the error which resulted from using boxes rather than pounds solids as a multiplier, but the Commissioner declined to amend the order.
Certiorari brought in the Circuit Court pursuant to Fla.Stat. § 601.66 (1969), F.S.A. was transferred here on the finding of the Circuit Judge that the statute did not provide for review by certiorari under these circumstances, but that this court had power to grant a writ of common law cer-tiorari. It would be interesting to explore Chapter 601 with a view to determining whether Section 601.66(4) confines certio-rari on the petition of the complainant to those cases in which the complaint has been dismissed.[1] That seems unnecessary in a case in which there has been a patent error of calculation. This court has power to issue certiorari under Fla.Const. Art. V, § 5, F.S.A. Whether we would in a case in which error is not obvious construe Section 601.66 in favor of our own or the Circuit Court’s jurisidiction is a question we do not decide.
Goldtrap’s argument that the miscalculation was “invited error” is without merit. Invited error occurs when a rule of law is contended for by a party in the trial court who alleges on appeal that the rule was erroneous. The inadvertent omission of a factor necessary to be considered in computation is not invited error.[2]
The Commissioner’s order is quashed with directions correctly to calculate damages.
PIERCE, C. J., and LILES, J., concur.

. Section 601.66(4)
If tlie department determines that the complaint has not been so established as aforesaid, the order shall, among other things, dismiss the proceeding. The original complainant, if he is aggrieved, shall have thirty days thereafter within which to seek review of said administrative order by certiorari proceedings in the circuit court in and for Polk County, and such administrative proceedings shall thereupon await the result of such court review.
Section 601.66(5)
If the department determines that the allegations of the complaint have been established as aforesaid, it shall make its findings of fact accordingly and thereupon adjudicate the amount of indebtedness or damages due to be paid by the dealer to the complainant. The administrative order shall fix a reasonable time within which said indebtedness shall be paid by the dealer. The dealer, if dissatisfied, shall have thirty days thereafter within which to seek review of said administrative order by certi-orari proceedings in the circuit court in and for Polk County. * * *
Petitioner contended in the Circuit Court that Subsection 4 allowed a plenary remedy to the complainant who was “aggrieved”. It is correspondingly arguable • that Subsection (5) accords a plenary remedy to a “dissatisfied” dealer. We mention the matter to show that we have not ignored it and that this opinion is not to be taken as deciding it. We do not think that either the Commissioner of Agriculture, counsel for these parties or the judges involved need make a career out of a third-grade arithmetic problem.

. On the power of administrative agencies to correct mistakes in their orders, see State ex rel. Burr v. Seaboard A. L. By. Co., 1927, 93 Fla. 104, 111 So. 391; Davis v. Combination Awning & Shutter Co., Fla.1953, 62 So.2d 742.
On invited error, see Arsenault v. Thomas, Fla.App. 3d 1958, 104 So.2d 120; West’s Digests, Appeal and Error 882(1).