ROBERTS, Justice.
By petition for writ of certiorari, we have for review Order No. 10052 of the Public Service Commission dated May 5, 1972, modifying its previous Order No. 9974, and granting the Amended Application of Refrigerated Transport, Inc. for extension of its Certificate No. 338 so as to authorize the transportation of food, food preparations, and foodstuffs requiring refrigeration when transported in vehicles equipped with mechanical refrigeration on irregular routes and schedules between all points in Florida and meat, meat products, meat by-products and packing house products requiring refrigeration from Madison, Florida, to all points in Florida and materials and supplies requiring refrigeration used in the process of or pertaining to the foregoing described commodities from points in Florida to Madison, Florida, and motor vehicles equipment with mechanical refrigeration on irregular routes and schedules, restricted against the transportation of commodities in bulk.
In the petition for writ of certiorari filed July 10, 1972, Petitioners also sought review of Order No. 10175 of the Commission dated June 29, 1972, wherein the Commission denied Petitioner Alterman Transport Lines, Inc. Petition for Reconsideration of Order No. 10052 and denied request for oral argument stating that,
“It has long been a policy of the Commission to entertain only one Petition for *35 reconsideration of an order disposing of an application. Since the Commission has already considered one such petition in this docket, and because the instant pleading constitutes, in effect, a ‘Petition for Reconsideration of a Petition for Reconsideration’ it must be denied.”
Subsequent to the filing of the instant petition for writ of certiorari sub judice, this Court in accordance with an agreement of counsel entered an order in Case No. 42,566, Alterman Transport Lines, Inc. et al. v. Yarborough, dated September 6, 1972, temporarily remanding the cause to the Commission for further consideration of the petition for reconsideration.
Pursuant to the agreement of counsel and the order of this Court, the Commission by Order No. 10337 dated October 13, 1972, rescinded Order No. 10175 which had denied reconsideration without oral argument and scheduled argument on protestant’s Petition for Reconsideration of Order No. 10052 for October 17, 1972. After hearing argument on Alterman’s Petition for Reconsideration of Order No. 10052, the Commission denied the same in Order No. 10362 dated October 31, 1972, wherein it found that Order No. 10052 is not only correct as it relates to the facts in evidence, but that said order is in accordance with the laws of this State and the rules and regulations of this Commission and that the modification of Order No. 9974 by issuance of Order No. 10052, was indeed in furtherance of public convenience and necessity and that said order must be affirmed.
Originally, Petitioner contended that Order No. 10175 was erroneous because the Commission had failed to permit it to file a Petition for Reconsideration to Order No. 10052 or to have oral argument thereon. This Court upheld that view and remanded temporarily to the Commission. Oral argument was held as well as careful consideration given to Alterman’s petition for reconsideration. Since the Commission rescinded Order No. 10175, afforded Alterman oral argument, and consideration of the petition, this matter is now moot and need no longer be considered by this Court.
Petitioner in addition contested Order No. 10052 on the basis that there was not competent, substantial evidence to support the order of the Commission granting the authority applied for by Refrigerated Transport Co., Inc., and that the Commission, therefore, erred in modifying its previous order. The Commission in Order No. 10052 sets forth in great detail the reasons for modification of its previous order and sets out a lengthy summary of testimony in support of the granting of Refrigerated’s Amended Petition for Extension of Certificate No. 338. Twenty-two companies testified clearly and decisively in support of this application and the Commission summarized testimony of each of these companies in Order No. 10052.
Additionally, the Commission explicated that,
“Protestants were Alterman Transport Lines, Inc., Belford Trucking Co., Inc., United Freight, Inc., Commercial Carrier Corporation and National Cold Transport, Inc. Alferman and Belford have applications pending to extend their certificates and United Freight, Inc. has an application for initial authority.
United Freight, Inc. presently holds no authority and therefore cannot perform any of the services required. Commercial Carrier Corporation’s authority is limited to a warehouse at Auburndale. Refrigerated can presently transport frozen commodities from this facility. The authority to transport non-frozen commodities should cause little or no adverse effect on this carrier. National Cold Storage’s authority is limited to Dade and Broward Counties. Refrigerated already has authority to transport most commodities in this area. The grant of this application will cause little or no adverse effect on National Cold Storage.
The applications of Refrigerated, Alter-man and Belford are somewhat similar.
*36 This Commission and the Supreme Court have recognized that when applications are filed simultaneously or near so, the testimony of the witness in each proceeding may be considered in the other. See Fleet Transport Co. of Florida v. Mason, 255 So.2d 516 [188 So.2d 294] and Redwing Carriers, Inc. v. Mayo, 255 So.2d 516.
The record of the Refrigerated proceeding standing by itself is sufficient to warrant the grant of the authority sought. Refrigerated presently holds authority to transport all frozen commodities between all points in Florida. It also holds authority to transport many commodities which are not frozen, but require temperature control in the transportation of the commodities. The extent to which Refrigerated holds authority varies from area to area as well as to the different types of commodities. For example, it can transport candy from Jacksonville, but not from Tampa. It can transport cheese from Tampa and Miami, but not from Jacksonville. There are numerous other instances where a particular item may be transported frorjr one city but not another. The difficulties encountered by the public as well as Refrigerated have caused much confusion and difficulty. Several of the witnesses indicated that they had all types of commodities available for shipping at the same time, but that Refrigerated was precluded from handling all of the items. It would be a service to these particular shippers to enable them to have the same carrier transport all of the commodities that require refrigeration. The confusion as to territory was apparent also in the Alterman and Belford applications since neither held the entire destination territory. This same confusion is apparent in this proceeding.
The testimony of the public witnesses amply supports the grant of this authority. These shippers have requirements for transportation of numerous types of commodities, including candy, cheese, margarine, butter, yogurt, pizza, canned hams, fresh meats, cold drinks, slush preparations, beer, wine and cottage cheese. The shippers were located throughout Florida, including Quincy, Jacksonville, Center Hill, Tampa, Orlando, Miami, Clearwater, Sarasota, Port Manatee, Palatka, East Palatka and Balm.
Many of the supporting shippers were unaware of Belford’s service and the few shippers who had utilized Belford gave instances of inadequate service. In several instances Belford advised the shippers it had no interest in their traffic and was unwilling to provide the service.
Certain deficiencies in Alterman’s service were also given. This included later pickups, failure of pickup and delays in delivery. It would appear that Alter-man’s service was not isolated instances. For example, in many instances Alter-man limits its pickups to certain days of the week. Witnesses testified that Alter-man failed to provide equipment 50 per cent of the time and that it was late for pickups between 15 and 70 per cent of the time. There was testimony of business lost by the shippers because of this type of service.”
Petitioner urges that the Commission could not modify its Order No. 9974 upon request for reconsideration filed by Refrigerated Transport Co., Inc. that is to say that the Commission may not modify an order after reconsidering the existing evidence pursuant to a timely petition for reconsideration. In response to this allegation raised by Petitioners, herein before the Public Service Commission in its Petition for Reconsideration of Order No. 10052, the Commission correctly asserted, in Order No. 10362,
“The protestant begins its Petition for Reconsideration of Order No. 10052 by describing the proceedings in this docket and summarizing the Examiner’s report. Protestant then goes on to take issue with the C.ommission’s interpretation of the facts received in evidence and in *37 turn gives its own interpretation which was the most favorable to its position. However, a careful reading of the pleading reveals that the arguments contained therein are not unique to this particular petition, but have been raised by the protestants, and considered by the Commission, in other pleadings filed in this docket. The protestant does take the position that the Commission may not reverse or modify its orders without first having received additional evidence to warrant such a change. As authority, the protestant cites Matthews v. State, Fla.1933, [111 Fla. 587,] 149 So. 648. The passage in the Matthews case to which the protestant refers reads:
‘Every promulgated order of an administrative tribunal, such as is the railroad commission, may be super-ceded by another order. Likewise the commission has the power to modify, and, indeed, it is its duty to modify, its pre-existing orders, when new evidence is presented which warrants a change.’
While this bit of dicta does affirm the position that the Commission has the power, and, indeed, the duty to modify its orders when new evidence warrants a change, there is no authority for the novel proposition that the Commission may not modify an order after reconsidering the existing evidence pursuant to a timely Petition for Reconsideration. In fact, no order of this Commission is even deemed rendered until a timely and proper Petition for Reconsideration is disposed of. Commission Rule 25-2.64. And it has long been held that this Commission may, on its own motion or by request, correct or amend any order under its control without notice and hearing if the matters corrected and amended were embraced in testimony taken at a previous hearing. State v. Seaboard Air Line Railroad Co., Fla.1927, [93 Fla. 104,] 111 So. 391, Leonard Bros. Transfer & Storage Co. v. Douglass, Fla. 1947, [159 Fla. 510] 32 So.2d 156.”
Our careful consideration and analysis of the petition, the record and briefs, and oral argument of counsel sustains the view that the findings of the Public Service Commission are supported by competent, substantial evidence and that in entering its order Respondent Commission met the essential requirements of law.
Accordingly, the petition for certiorari should be, and it is hereby, denied.
It is so ordered.
CARLTON, C. J., and BOYD and Mc-CAIN, JJ., concur.
DEKLE, J., dissents.