ENGLAND, Justice.
By petition here Tamiami Trail Tours, Inc. has requested that we strike from an order of the Public Service Commission, entered on our mandate in Tamiami Trail Tours, Inc. v. Bevis, 316 So.2d 257 (Fla.1975) a grant of authority to A-l Bus Lines, Inc. (“A-1”) to provide tourist and sightseeing transportation within the state. A-l was not a party to the litigation in this Court, but on remand the benefits obtained by the parties were bestowed by the Commission on A-l to the same extent as those who sought the relief we directed. Tamiami says that result is improper.
Beginning in 1973, five bus line companies sought permission from the Commission to provide sightseeing and tourist transportation in Florida. Three were joined in one proceeding for which public hearings were held in October and November 1973. Two were joined in a proceeding for which public hearings were held, before a different hearing examiner, in December 1973. The examiners issued a “consolidated recommendation”, which they both signed, recommending that all five requests be denied on jurisdictional grounds. None of the parties had requested consolidation, and it does not appear from the record before us on what authority the examiners combined their recommendation. No one objected to consolidation, however, at any phase of the proceeding.
On review of the hearing examiners’ consolidated report, the Commission adopted the examiners’ recommendation in a single order denying all five applications. Four of the applicants sought review of the *16 Commission’s order in this Court, and prevailed. On remand, the Commission applied the legal effect of the Court’s mandate not only to the four bus lines who had sought review but to A-l as well.
Tamiami argues that A-l’s application was administratively dead when A-l failed to seek timely review in this Court or to preserve its status as a pending application before the Commission. The Commission and A-l argue that A-l must, benefit from the Court’s mandate because all five applications had been consolidated in fact at the administrative level, and the only point on review was the legal authority of the Commission to grant any application. That obstacle having been removed, say A-l and the Commission, the administrative unity of the five applications required equal treatment on remand.
We hold that the Commission erred in granting A-l’s application. The opinion of this Court was predicated on the record before us, and our mandate to the Commission was confined to the parties before us. Although the Commission had legal authority to grant any application for this type of carriage once our directive became final, it is an essential requirement of Section 323.03, Fla.Stat. (1975), that the Commis-• sion have before it a viable, valid and pending application. In this case there was none. A-1’s application had been denied (irrespective of the reason), and there was no appeal or timely request for reconsideration. See, Peoples Gas System, Inc. v. Mason, 187 So.2d 335 (Fla.1966); Leonard Bros. Transfer & Storage Co. v. Douglass, 159 Fla. 510, 32 So.2d 156 (1947). Under these circumstances, the Commission could not grant to A-l the benefits of litigation obtained by others, no matter how similarly situated.*
Certiorari is granted. Orders No. 12270 and 12471 of the Commission are quashed to the extent they grant authority for “special operations” transportation to A-l Bus Lines, Inc.
It is so ordered.
OVERTON, C. J, and SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents.

 We note that A-l is now free to file a new application for this type of service. Section 323.03 (3) (b), Fla.Stat. (1975).