LARRY G. SMITH, Judge.
Appellant appeals from a final order of the Unemployment Appeals Commission[1] which upheld the decision of an appeals referee, and denied appellant’s request for *229 rehearing to consider new and additional evidence in an unemployment compensation proceeding. We find error in the procedures followed by the appeals referee and approved by the Unemployment Appeals Commission, and therefore reverse.
The factual issue before the administrative tribunal was whether Linda F. Idelson, a former employee of Dr. Clifford Revell, D.D.S., appellant, was discharged from her employment because of pregnancy, or whether she voluntarily left her employment without good cause attributable to her employer. A claims examiner determined that the employee was discharged when she was replaced by a former employee. The doctor duly appealed this decision [2] and the matter was referred to an appeals referee for hearing.[3]
The first hearing was held in Tallahassee. Appellant appeared and gave sworn testimony, but the claimant did not appear. She was, however, represented by counsel at that hearing who participated and cross-examined appellant. The non-appearance of claimant was explained by the referee at the commencement of the hearing by reciting into the record information apparently conveyed to him by letter from the claimant to the effect that she had moved to a new address, and was then residing in Clear-water, Florida. At the conclusion of appellant’s testimony claimant’s attorney referred to the fact that there appeared to be some “controverted testimony”, and requested that the testimony of claimant be taken in Clearwater before a determination was made. Without ruling on the request for additional testimony, the referee, addressing himself to appellant, observed that “if there is any additional hearing, you will receive a copy of the hearing notice”, and: “Although it is not necessary that you travel to Clearwater for a hearing, if you so desire, you will . . . receive a copy . and tell you the date, time and place if you want to go down to Clearwater for another hearing”.
The appeals referee thereafter gave notice of an additional hearing scheduled for June 2, 1978 in Clearwater, but neither claimant nor appellant appeared. On June 21, 1978 the appeals referee entered his decision reversing the determination of the claims examiner, and holding that the claimant voluntarily left her employment without good cause attributable to her employer.
In the meantime, a letter from claimant to the appeals referee dated June 6, 1978 was finding its way to the appeals referee. In her letter, claimant explained that she was “out of town” and didn’t receive notice in time to attend the hearing,[4] and requested another hearing. On June 30, 1978, acting upon claimant’s letter alone, and without notice to appellant, or any opportunity to object or respond, the appeals referee entered an order rescinding and recalling his decision of June 21, 1978.
On July 5, 1978 the appeals referee sent out notice of a third hearing scheduled for July 12, 1978 in Clearwater. A notation informed the parties that the hearing was “to secure claimant’s testimony”, but “all parties may appear and testify if they so desire”. At the Clearwater hearing (which was not attended by appellant) the claimant gave testimony in response to questions put to her by the appeals referee (a different referee than the one who held the Tallahassee hearing). A tape recording of this testimony was then apparently transmitted back to the original referee in Tallahassee and on July 28,1978, he entered his decision reversing his original decision of June 21. The new order held that the claimant was discharged, but not for misconduct connected with her work; and further, that the appellant’s employment record was properly chargeable with unemployment compensation benefit payments made to the claimant.
Appellant’s appeal and request for additional hearing was denied by the Unemploy *230 ment Appeals Commission, and appellant then filed his appeal with this court.
Appellant’s first point for reversal argues the absence of substantial competent evidence to support the referee’s finding that the claimant was discharged from her employment. We pretermit consideration of this point because of our conclusion that procedural errors require that this cause be remanded for further hearing.
In Boyd v. Southeastern Telephone Company, 105 So.2d 889 (Fla. 1st DCA 1958), cert. dism. 114 So.2d 1 (Fla.1959), this court adopted the principle that a quasi-judicial body has the power of its own motion or on request to correct or amend an order still under its control without notice or hearing to interested parties under certain conditions, those being as stated in State ex rel. Burr v. Seaboard Air Line Ry., Co., 93 Fla. 104, 111 So. 391 (Fla.1927):
“The law is also well settled that the railroad commission, like a court, may on its own motion or by request correct or amend any order still under its control without notice and hearing to parties interested, provided such parties cannot suffer by reason of the correction or amendment, or if the matters corrected and amended were embraced in testimony taken at a previous hearing.” (111 So. at page 392)
See also Leonard Bros. Transfer & Storage Co. v. Douglass, 159 Fla. 510, 32 So.2d 156 (Fla.1947). In Boyd, the court pointed out, however, that the order with which it was concerned was a temporary order, still clearly under the commission’s control when it entered its amended order so that the proviso clause in the above quoted rule could not be invoked.
The June 21st decision of the appeals referee here became final within ten days after the day of mailing,[5] unless, within ten days after mailing further review was initiated in accordance with the statute. Under Section 443.07(4)(c) such review may be initiated by the board of review, on its own motion, or the board may allow an appeal on application filed within the proper time by any party entitled to notice of the referee’s decision. Thus it appears from a careful reading of the statute governing appeals to the appeals referee there is no specific provision for recision or recalling of a final decision by the referee upon his own initiative. The statute provides that his decisions “shall be final” unless properly appealed to the board, or unless the board on its own motion initiates a review of the decision. Neither event occurred here. Unlike the circumstances dealt with in the Boyd case, supra, the order was not temporary, and it indeed appeared that the rights of the appellant did suffer by reason of the cancellation of the prior decision in his favor. It is noted further that the letter from the claimant to the referee which prompted reversal of the June 21 decision was dated June 6. Notice of the decision was mailed to the parties on June 21. Since the letter was dated before the June 21 order was entered a question arises whether the June 6 letter could be considered appropriate to initiate a review pursuant to the requirement that an application for review be filed “within 10 days after the delivery” of notice of the referee’s decision.[6]
For the foregoing reasons we find that the referee’s recision of his final order dated June 21 was unauthorized, and in any event, before the final decision in favor of appellant on the merits was reversed appellant was entitled to notice of the proposed action and the opportunity to object and request a hearing if necessary.
Appellant also complains of the referee’s action in convening a second hearing in Clearwater, 250 miles away from employer’s place of residence, where the claim arose and was filed; and he further complains of the denial of his request for the opportunity to submit further evidence in rebuttal after the testimony of the claimant was taken. In this connection we note that *231 the board is authorized to adopt regulations governing the presentation of claims and appeals (Section 443.07(4)(d), Florida Statutes) pursuant to which it has adopted Rule 8B-5.11(b) providing for rebuttal evidence, and Rule 8B-5.11(f) which provides as follows:
“(f) In addition to the evidence presented at the hearing, the referee may request or obtain any further evidence he deems necessary; provided that where additional evidence is so taken, the parties shall be given the opportunity of examining, cross-examining and rebutting such evidence.” (Fla.Admin.Code R. 8B-5.11(f))
Thus, under either rule, appellant was entitled to present evidence in rebuttal of claimant’s testimony at the second hearing.[7] We do not think that appellant should be foreclosed by his failure to appear at the Clearwater hearing. As previously noted, after the first hearing the appeals referee indicated to appellant that it would not be necessary for him to appear at a later hearing if one was held, and we think appellant is justified in his contention that a second hearing 250 miles removed from the place where the appellant maintains his practice does not afford him a reasonable opportunity to be heard.[8] Cf. Drogaris v. Martine’s, Incorporated, 118 So.2d 95 (Fla. 1st DCA 1960). This is particularly true in view of the fact that appellant had already attended the first scheduled hearing, and claimant’s failure to appear at that hearing was excused by the referee because she then resided 250 miles from Tallahassee. On oral argument counsel for appellee admitted, and our examination of the rules confirms, that no provision is made with respect to the place of hearings, nor the circumstances under which an interested party can be compelled to attend multiple hearings at widely separated geographical locations in the state. The absence of any rule or regulation to guide the discretion of appeals referees in setting hearings may well be an invitation to arbitrary and capricious action; and although the court cannot require the adoption of a specific rule, Citizens of Florida v. Mayo, 357 So.2d 731 (Fla.1978), a court may very well view the failure to adopt necessary rules as a failure to comply with Section 120.53, Florida Statutes, which in itself under Section 120.68(8) may be presumed to be a material error in procedure.
It is our conclusion that the fairness of the proceedings or the correctness of the action was substantially impaired by material errors in procedure, or a failure to follow prescribed procedure, and that the requirements of due process entitle appellant to a full opportunity to appear and present rebuttal evidence prior to a final decision on his appeal.
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings as directed by this opinion.
ROBERT P. SMITH, Acting C. J., and ERVIN, J., concur.

. So designated by the parties, although Ch. 77-399, Laws of Florida, created a “Board of Review” for the purpose of determining all unemployment compensation appeals under Ch. 443, Florida Statutes. Ch. 77-399, Laws of Fla., was in effect at the time of the proceedings below. Ch. 78-201, Laws of Fla., changed the name of the Board of Review to Unemployment Appeals Commission effective October 1, 1978. Section 443.07(4)(a)(b)(c), Florida Statutes (Supp.1978), continues to refer to the Board of Review.

. Section 443.07(3)(a), Florida Statutes.

. Section 443.07(4), Florida Statutes.

.Presumably the June 2 hearing scheduled in Clearwater.

. Section 443.07(4)(b)(3), Florida Statutes.

. Sections 443.07(4)(b)(3) and 443.07(4)(c), Florida Statutes.

. See also Section 120.57(l)(b)(4).

. Appellant states in his brief that the monetary cost of leaving his dental practice in Tallahassee and travelling to Clearwater would exceed the economic consequences of having his unemployment tax account charged because of the claim.