ROBERT P. SMITH, Jr., J.,
dissenting:
We are concerned here, as we were in Revell,[1] with a split hearing conducted by appeals referees on a claim of entitlement to unemployment compensation. The claims examiner found that claimant Gray was discharged “for misconduct connected with [his] work” because he did not notify his employer of the reason for his absences, which extended from December 19, 1977,. until Gray was dropped for abandonment of employment on January 10, 1978. On Gray’s appeal to an appeals referee, the employer representative appeared at the Tampa hearing, held May 2,1978, as noticed to the parties on April 25, 1978. Gray did not appear, saying later that he was “misdirected” to the place of hearing.[2] At that hearing the appeals referee questioned the employer representative under oath and elicited testimony supporting the discharge.
In order to give claimant Gray an opportunity to tell his side of the story, another appeals referee scheduled another hearing on May 15, 1978, at the same place, and so notified the parties. The referee filed a purported “notice of dismissal” of the prior proceedings, for a purpose unstated; yet it is clear that the appeals referee intended to consider the previously-given testimony by the employer representative, and that the employer and Gray were so advised. Claimant Gray appeared and testified at the second hearing and the employer’s representative did not, having been advised at the first hearing that his testimony would be on record for consideration.[3] The ap *343 peals referee related to Gray the substance of the employer representative’s prior testimony, and Gray testified in his own behalf.
On May 17, the appeals referee rendered his decision affirming the claims examiner. Claimant Gray appealed further to the Unemployment Appeals Commission, Section 443.07(4)(c), Florida Statutes (1977). He did not complain of the appeals referee’s consideration of the testimony given by the employer representative on May 2, did not suggest that the claim was prejudiced by the split hearing procedure, and did not complain that he had no opportunity to cross-examine the employer representative. Gray’s appeal statement, on a Commission form, simply stated:
I do not agree with the decision of the Appeals Referee. The facts that he based his decision on are wrong. I did call in to notify my employer of my absence. The call was taken by Edna Slay-ton. I did not bring her to the hearing because I didn’t think her presence was necessary, but I can present her for testimony if necessary.
The applicable Unemployment Compensation Appeals Referee Rules of Procedure provide, in Rule 8B-5.12:
(1)The Appeals Referee may in his discretion grant a continuance of a hearing for good cause or upon stipulation of all parties of record. Additional hearing shall be granted upon showing of good cause, including good cause for not appearing at the scheduled hearing, or may be ordered on the Referee’s own motion for cause. Circumstances constituting good cause are any which indicate that further hearing is reasonably necessary in the interest of justice . . .. Notice of time and place of a postponed, continued or additional hearing shall be given by the Referee to the parties, attorneys and other authorized agents of record.

(2) Notwithstanding failure of a party to appear, the Referee may proceed with the hearing.
(3) Failure of an appellant to appear at a duly scheduled hearing will constitute grounds for dismissal of an appeal . . .
Unemployment compensation appeals typically are handled by the parties themselves, assisted by the appeal referee. The rules plainly contemplate that, in the interest of justice and for a full consideration of the employee’s claim and the employer’s objection to benefits, the appeals referee may take the testimony of a party who attends a regularly scheduled hearing as noticed, yet schedule a further hearing to hear a party who was inadvertently absent from the first. In such a case, the party absenting himself from the first regularly scheduled hearing may be considered as having waived his right to cross-examine the party who did properly appear and did testify; and, when given a reasonable opportunity to attend the further hearing,[4] the party who did attend the first hearing, but fails to attend the second, may justifiably be regarded as having waived his right to cross-examine witnesses presented at the second hearing. No showing is made here by appellant Gray that he was not aware of his employer’s position, as testified to at the first hearing and as described previously by the claims examiner.
Considering the appeals referee’s understandable concern that Gray be permitted another chance to tell his story, the relatively small amounts of money involved in *344 these matters, and the economic burden that would be imposed on the employer by requiring his representative to appear again for cross-examination at the second hearing, I think no prejudice attributable to the employer or to the Unemployment Compensation Commission has been shown by Gray.
In my opinion Gray waived his cross-examination rights by failing to appear at a properly scheduled hearing; he was fully heard at a further hearing, although his appeal was subject to dismissal for his nonappearance at the first scheduled hearing; he had two opportunities to present rebuttal witnesses on an issue which was clearly identified; and the Commission acted fairly and in accordance with its rules, adopted in compliance with Section 120.53, Florida Statutes (1978 Supp.). Section 120.57(1) requires only that a party have an opportunity to cross-examine witnesses, not that witnesses be summoned to repeated hearings, at their own expense, for cross-examination that was previously available. I would affirm the Unemployment Compensation Commission, and therefore dissent.

. Revell v. Department of Labor and Employment Security, Division of Employment Security, 371 So.2d 227 (Fla. 1st DCA 1979).

. The notice of hearing mailed April 25, 1978, plainly showed the place of hearing as “Triton West Bldg., Room 104, 5422 Bay Center Drive, Tampa, FL 33609.”

.The appeals referee concluded the hearing of May 2 by advising the employer’s representative:
As I indicated before, in a case where either party at interest does not appear at a hearing, there is always a possibility that they might have some good reason for not being *343 present, and Mr. Gray not being here today would have ten days from today to request a re-hearing, citing some good cause for not being here. If he does that, a further hearing would be set. Now, it would be in the best interest of the employer if at all possible to be represented at any hearing that might take place in this matter. But if the employer is not able to be represented at such a hearing, what you’ve presented here today will remain on record for consideration when a disposition is made.

. In Revell, the appeals referee’s decision after the second hearing, at which claimant testified for the first time, was for claimant. We found prejudice to the employer, entitling him to a further opportunity to present rebuttal evidence, in the scheduling of the second hearing 250 miles away from the employer’s place of business, where the claim arose.