674 So.2d 195 (1996)
Don MENDELMAN, Appellant,
v.
DADE COUNTY PUBLIC SCHOOLS, and Florida Unemployment Appeals Commission, Appellees.
No. 96-371.
District Court of Appeal of Florida, Third District.
May 29, 1996.
*196 Don Mendelman, in proper person.
John W. Kunberger, Tallahassee, for appellee Commission.
Before NESBITT, COPE and GERSTEN, JJ.

ON MOTION TO TRANSFER APPEAL
COPE, Judge.
The Florida Unemployment Appeals Commission moves to transfer this appeal to the First District Court of Appeal. We deny the motion.
The unemployment appeal hearing in this case was conducted by telephone. The appeals referee was located at an agency office in Tallahassee. The claimant participated by telephone from Key Largo, Monroe County, Florida. The employer was the Dade County School Board, which participated by telephone from its office in Miami. The referee issued a written ruling adverse to the claimant, who appealed to the Unemployment Appeals Commission. From an adverse decision by the Commission, the claimant filed an appeal in this court.
The Commission has moved to transfer, relying on paragraph 443.151(4)(e), Florida Statutes (1995), which states:
(e) Judicial review.Orders of the commission entered pursuant to paragraph (c) shall be subject to review only by notice of appeal in the district court of appeal in the appellate district in which the issues involved were decided by an appeals referee, and the commission shall be made a party respondent to every such proceeding, notwithstanding any provision to the contrary in chapter 120. The division shall have the right to initiate judicial review of orders in the same manner and to the same extent as any other party.
The Commission reasons that the written ruling was issued by its Tallahassee office, and that therefore under the statute the appeal can be taken only to the First District Court of Appeal. We disagree.
The proceeding in which the appeals referee reaches a decision in an unemployment compensation appeal is the final hearing. In this case that hearing occurred by telephone conference call. The participants were located in two appellate districts, the First and Third. Where such a situation occurs, the fairest interpretation of the statute is that the appeal will lie in either appellate district.[*]
In taking this view we are influenced by practical considerations. As a general rule, this court grants requests for oral argument in unemployment compensation appeals. The interpretation we adopt will provide more convenient access to the appellate courts where, as here, the final hearing is conducted via conference call from a distant location. Cf. Revell v. Fla. Dept. of Labor and Employment Security, 371 So.2d 227 (Fla. 1st DCA 1979) (unemployment compensation hearing held 250 miles from where the claim arose, and where employer lived and had his business, does not afford him a reasonable opportunity to be heard).
The Unemployment Compensation Law states that the public policy of Florida requires "the establishment and maintenance of free public employment offices ... to be used for the benefit of persons unemployed through no fault of their own...." § 443.021, Fla.Stat. (1995). Further, the Unemployment Compensation Law establishes a rule of liberal construction so that the statute accomplishes its intended purpose. See id. § 443.031. Those principles mandate that we interpret the appeal provision so as to *197 provide reasonably convenient access to the appellate courts.
The motion to transfer appeal is denied.
NOTES
[*] That such an interpretation is workable has been demonstrated by many years' experience under the Florida Administrative Procedure Act, which provides for judicial review either in "the district court of appeal in the appellate district where the agency maintains it headquarters or where a party resides." § 120.68(2) Fla.Stat. (1995).