PER CURIAM.
Mary Hebert appeals an order of the Unemployment Appeals Commission (the Commission) dismissing as untimely her challenge to a determination that she had received unemployment compensation benefits to which she was not entitled. Finding no evidence that Hebert was provided notice sufficient to commence the running of the time period within which review must be sought, we reverse.
On December 21, 1993, Hebert filed a claim for unemployment compensation benefits to be charged against the Washington County Kennel Club (the Employer), where she had worked as a cashier. Several months later, on October 24, 1994, Hebert filed an application for additional assistance to be charged against another employer. A claims adjudicator determined that Hebert had abandoned her position with the Employer and was thereby disqualified from receiving unemployment compensation benefits, and mailed formal notification to her on November 14,1994.
On November 16, 1994, Hebert appealed the decision of the claims adjudicator, arguing that she had not abandoned her position but had instead been released. Hebert alleged that her cash drawer had “come up short” and that the Employer told her that she must make up the shortfall before being allowed to return to work. A hearing on the matter was scheduled and convened on December 22, 1994, via telephone conference. Following the telephone conference hearing in which the Employer failed to appear,[1] the appeals referee rendered a notice of decision reversing the decision of the claims adjudicator. The appeals referee found that Hebert had not abandoned her position but had been discharged and, further, that the discharge had not been due to any misconduct.
On February 17, 1995, the Commission rendered an order vacating the decision of the appeals referee and remanding the matter for a rehearing on the merits. The record before us does not include the Employer’s request for review by the Commission but the Commission’s order noted that the Employer offered no explanation for its failure to appear. Further, the record does not indicate that Hebert was provided notice of the Employer’s appeal to the Commission, an opportunity to respond to the allegations in support of that request, or notice of the decision to remand for rehearing. Nonetheless, the Commission found that the notice of hearing was defective in that it did not contain a street address for the Employer.[2] The Commission apparently surmised on that basis that the Employer failed to receive notice of the telephone hearing. The Commission found further that although the file contained the Employer’s telephone number, the appeals referee made no attempt to contact the Employer.[3] The Commission thus found that the Employer was entitled to an additional hearing. The hearing on remand was scheduled for March 24,1995.
Before the hearing on remand was conducted, Hebert filed a notice to withdraw the appeal on March 15, 1995. In support of her request to withdraw the appeal, Hebert affirmed that she had returned to her position with the Employer on March 10. On March 21, the appeals referee approved Hebert’s *1335 request for 'withdrawal and dismissed the appeal and sent Hebert notification of that action.
Nearly three months later, on June 15, 1995, a claims examiner of the Division of Unemployment Compensation notified Hebert that she had been overpaid. The notice stated that the overpayment was based upon a prior disqualification or determination of ineligibility, and that repayment was required. Hebert notified the claims examiner on June 22 that she wished to appeal the determination of overpayment. Hebert alleged that when she returned to her position with the Employer she had contacted the office of the examiner to inquire about the pending appeal and had been advised to withdraw it. Hebert alleged that she had inquired further whether she would be prejudiced by a withdrawal and was told that the case would simply be closed.
A hearing was held on Hebert’s appeal of the determination of overpayment. Following the hearing, the appeals referee rendered a decision on August 1, 1995, affirming the decision of the claims examiner. On the determination of overpayment, the appeals referee found that Hebert had received benefits to which she had been found to be qualified but that the Employer had appealed that finding, and that the Commission had remanded the case for rehearing. Finally, the appeals referee found that another hearing was held and the initial determination disqualifying Hebert had been affirmed and from that decision Hebert had not appealed.[4] On those facts, the appeals referee concluded that Hebert had received benefits to which it had been determined she was not entitled.
Hebert appealed to the Commission, urging that she had inquired about potential prejudice, that she would not have withdrawn the appeal had she known that withdrawal would serve as a basis for overpayment, and that the office of the claims examiner had, in fact, advised her otherwise. Hebert further alleged that she had not received notice of any action between the time that she had notified the Division when advised to withdraw the appeal and the time that she was notified of the overpayment. Treating the matter as a challenge to the decision granting the request to withdraw, the Commission remanded to the appeals referee for a fact-finding proceeding to determine when Hebert received notice of that decision.
A telephone conference was held before the appeals referee at which the only issue was whether Hebert had taken a timely appeal from the March 21, 1995 order granting her request to withdraw and dismissing the then-pending appeal. The appeals referee asked Hebert whether she had received the decision granting withdrawal to which she responded:
[W]hen I sent in to withdraw my appeal ... and I called Tallahassee before I did and they told me what to do and I asked them about was I gonna get in any trouble, would I have to pay any money back or anything like that and they said no, it would just, you know withdraw the appeal. And then right after that I got this little piece of paper which I think is the one you’re talking about it says March the 21st and all it states is that the referee was withdrawing the appeal as dismissed.
Thereafter, the Commission rendered the subject order in which it found that “[t]he referee’s decision ... regarding the claimant’s separation from work was mailed to the claimant’s last known address on March 21, 1995” but that Hebert had not appealed the decision until August 7, 1995. The Commission therefore dismissed as untimely Hebert’s appeal to the decision granting withdrawal and affirmed the determination of overpayment as predicated upon the dismissal of that appeal. Hebert timely requested review by this court. •
We find no evidence to support the Commission’s finding that the referee notified Hebert of the decision regarding “separation from work” on March 21, 1995. The appeals referee’s March 21 notice was an approval of the request to withdraw; it made *1336 no mention of Hebert’s separation from work or of the prior disqualification. Hebert was provided no notice of overpayment until June 15 and it is not disputed that she timely appealed that determination to the appeals referee. Furthermore, the Commission’s finding that Hebert appealed the March 21 decision on August 7, 1995 is not supported by the record. Hebert’s appeal to the Commission was filed on August 11, and presented allegations challenging the determination of overpayment, not the approval of her request to withdraw, the subject of the March 21 decision. The record thus contains no evidence to support the Commission’s finding that her appeal of the determination of overpayment was untimely.
The Commission’s conclusion that the appeals referee’s decision regarding overpayment had become final is erroneous. The referee rendered the decision regarding overpayment in resolution of Hebert’s timely appeal from the decision of the claims examiner. Decisions of the appeals referee become final unless, within 20 days after the date of mailing of notice of the decision, review by the Commission is initiated. Section 443.151(4)(b)3., Florida Statutes (1993). The appeals referee mailed the decision affirming the overpayment on August 1, 1995. The Commission received an appeal from that decision on August 11,1995. The referee’s decision had thus not become final. The matter before the Commission remained Hebert’s timely appeal from that decision. Moreover, while the Commission concedes before this court material errors in the factual determinations of that decision, the Commission failed to address the significance of those errors in the order under review.
The Commission has, in any event, mistaken the instant appeal. Hebert did not challenge the withdrawal of the appeal as that action was not adverse to her. Rather, Hebert appealed the determination of overpayment. It seems to us unreasonable under the circumstances presented in this case to predicate the decision in Hebert’s appeal of the determination of overpayment on her request to withdraw. Even if the issues pending had not been procedurally muddled, it appears that Hebert had been informed that withdrawal would impose no prejudice or collateral results.
The Commission has failed to address Hebert’s allegations regarding the circumstance of her request to withdraw her first appeal altogether. Those allegations stand unrefut-ed on this record and the Commission has yet to address them in relation to the merits of Hebert’s appeal.
Finally, it appears to us that the fairness of the proceedings below or the correctness of the action was substantially impaired by material errors in procedure, or a failure to follow prescribed procedure. Section 120.68(8), Florida Statutes (1993); Revell v. Florida Department of Labor and Employment Security, 371 So.2d 227, 231 (Fla. 1st DCA 1979). The record does not indicate the circumstances of the Employer’s request for Commission review of the appeals referee’s reversal of the initial disqualification. It appears, further, that Hebert was given no notice or opportunity to respond to the allegations in support of that request. The Commission failed to address factual inadequacies in the decision of the appeals referee. Finally, the factual inconsistencies of the order under review materially impair the Commission’s conclusions.
We REVERSE the order appealed and REMAND to the Commission for further proceedings consistent with this opinion.
BARFIELD, C.J., KAHN, J., and SMITH, Senior Judge, concur.

. The record does not include a transcript of this hearing. Hebert alleges, however, that the appeals referee attempted to contact the Employer at the scheduled time for the hearing and had stated that "no one answers the phone and the Email is full.”

. The notice of telephone hearing before the appeals referee noted the Employer’s address in this way:
Washington County Kennel Club Inc. Ebro FL 32437

.Again, since the record before this court does not include a transcript of the telephone hearing, we are unable to review the Commission's finding in this regard.

. The Commission concedes that the appeals referee erroneously found that another hearing had been held which affirmed Hebert’s disqualification and from which Hebert failed to appeal. The Commission’s concession is well-taken. Those findings have no record support. The appeal was withdrawn on Hebert’s request before the hearing was conducted.