ALTENBERND, Judge.
Nancy M. Testa appeals a final order of the Unemployment Appeals Commission (UAC) dismissing her appeal as untimely. This case is a procedural quagmire. See Hebert v. Unemployment Appeals Comm’n, 677 So.2d 1333, 1336 (Fla. 1st DCA 1996); § 120.68(7)(c), Fla. Stat. (1997). We conclude that Ms. Testa never actually filed an appeal to the UAC, but rather requested the appeals referee reopen her case. The UAC treated this timely and meritorious request as a notice of appeal and improperly rejected it as untimely.
Ms. Testa, who is approximately 75 years old, worked for Global Employee Leasing (Global) as a telemarketer from November 1996 until mid-October 1997. When she filed for unemployment benefits, the claims examiner denied her claim on the ground of misconduct. Ms. Testa requested a hearing before an appeals referee. Following an evidentiary hearing, the referee entered an order on April 7, 1998, in favor of Ms. Testa. Global appealed the order to the UAC. Unfortunately, the tape recording of the hearing was defective and, thus, the UAC vacated the order of the appeals referee and required the appeals referee to conduct a new hearing.
The issue of misconduct was an issue on which Global had the burden of proof before the appeals referee. See Gunther v. Barnett Banks, Inc., 598 So.2d 243 (Fla. 2d DCA 1992). The parties did not dispute that Global had terminated Ms. Testa. On remand, the appeals referee scheduled a new hearing. Before the hearing, Global threw in the towel. Its lawyer sent a letter to the referee and Ms. Testa’s attorney asking that “the request for hearing be withdrawn.” The attorney added: “If anything further needs to be done, please do not hesitate to contact me.” Technically, Ms. Testa had filed the appeal to the referee, but Global accurately perceived that it was the party who would need to be in the prosecutor’s seat in any further hearing before the appeals referee.
The referee did not cancel the hearing or respond to the letter. When Ms. Testa was not home for the previously scheduled telephonic hearing, the referee dismissed her appeal. This had the effect of reinstating the initial determination of the claims examiner, a determination that the employer no longer wished to substantiate with evidence.
The dismissal order was mailed on August 3, 1998, and informed Ms. Testa that she had twenty days to request that the case be reopened or twenty days to appeal the order. Ms. Testa sent a lengthy letter to the Unemployment Compensation Appeals Bureau on August 5, 1998, using the Tampa address provided for rehearings. She sent the letter to the attention of the appeals referee. She essentially briefed her case in the letter and provided her own make-shift record. She does not specify in the letter that it is a request to reopen the case. All things considered, the tone of the letter is quite polite and shows a lay person totally confused about how she just lost a case that she thought was closed. Fortunately, she sent the materials certified mail and received a return receipt indicating that the Appeals Bureau received her package on August 11.
The referee apparently did not receive or review this package. Eventually, it was sent by someone to the UAC in Tallahassee in an envelope without a date. The UAC docketed Ms. Testa’s letter as if it were received on September 16, 1998. Accordingly, it dismissed her appeal as untimely, and she patiently appealed to this court.
We conclude that the record before us presents a request to reopen the case which has never been passed upon by the referee. It would appear to be a request *341 that has merit.[1] Thus, the UAC erred when it treated the document as an untimely appeal and dismissed that non-existent appeal.[2] Accordingly, we reverse the order and remand with instructions that the UAC remand this matter to the appeals referee to consider Ms. Testa’s request to reopen her case.
Reversed and remanded.
THREADGILL, A.C.J., and STRINGER, J., Concur.

. The request has procedural merit because there appears to be good cause why Ms. Testa was not present for the hearing. See Fla. Admin. Code R. 38E-5.017(3). The request may also have substantive merit because the employer withdrew any opposition to Ms. Tes-ta's receipt of the benefits.

. Even if this document were a notice of appeal, it appears that the appeal would be timely. Florida Administrative Code Rule 38E-2.002(l)(c) allows an appellant to file his or her appeal by mail at any of the district appeals offices maintained by the appeals referees. The return receipt filed by Ms. Testa confirms that the office of the appeals referee received her request within twenty days as required by Florida Administrative Code Rule 38E-2.003(1).